Marshall, Ch. J.,
 

 delivered the opinion of the court. — The first question which presents itself in this case is, was the defendant entitled to
 
 oyer
 
 of the letters testamentary at the term succeeding that at which the executor was admitted a plaintiff in the cause ?
 

 It is contended, on the part of the defendant, that on the suggestion of the death of either plaintiff or defendant, a
 
 scire facias
 
 ought to issue, in order to bring in his representative; or, if a
 
 scire facias
 
 should not be required, yet, that the opposite party should have the same time to plead and make a proper defence, as if such process had been actually sued.
 

 The words of the act of congress do not seem to countenance this opinion. They contemplate the coming in of the executor, as a voluntary act, and give the
 
 scire facias
 
 to bring him in, if it shall be necessary, and to enable the court “to render such judgment against the estate of the ^deceased party,” “ as if the executor or administrator had volun¿07J tarily made himself a party to the suit.” From the language of the act, this may be done
 
 instanter.
 
 The opinion that it is to be done, on
 
 *125
 
 motion, and that the party may immediately proceed to trial, derives strength from the provision that the executor or administrator, so becoming a party, may have one continuance. This provision shows that the legislature-supposed the circumstance of making the executor a party to the suit, to be no cause of delay. But as the executor might require time to inform himself of the proper defence, one continuance was allowed him for that purpose. The same reason not extending
 
 to
 
 the other party, the same indulgence is-not extended to him.
 

 There is, then, nothing in the act, nor is there anything in the nature of the provision, which should induce an opinion, that any delay is to be occasioned, where the executor makes himself a party, and is ready to go to-trial. Unquestionably, he must show himself to be executor, unless the fact be admitted by the parties ; and the defendant may insist on the production of his letters testamentary, before he shall be permitted to prosecute; but if the order for his admission, as a party, be made, it is too late to contest the-fact of his being an executor. If the court has unguardedly permitted a person to prosecute, who has not given satisfactory evidence of his right to-do so, it possesses the means of preventing any mischief from the inadvertence, and will undoubtedly employ those means.
 

 The second point in the case is the demurrer of the defendant to the plaintiff’s replication. Two causes of demurrer are assigned. 1st. That it is a departure from the declaration : 2d. That the plea ought to have been traversed, and an issue tendered thereon.
 

 On the first cause of demurrer, some difference has existed in the court, but the majority of the judges concur in the opinion, that the replication-fortifies, and does not depart from the declaration. *The averment, that the assignment was for value received, is an immaterial averment. The assignee, without value, can as well maintain his action as the assigneeon a valuable consideration. It is, therefore, mere surplusage, and does not require to be proved ; nor does it affect the substantial part of the declaration. It is also the opinion of a part of the court, that the duty created by the trust, and which was discharged by the assignment, may be considered as constituting a valuable consideration to support the averment, and prevent the replication from being a departure from the declaration.
 

 2d. The second case of demurrer is clearly not maintainable. The matter of the replication does not deny, but avoids the allegations of the plea, and consequently, the conclusion to the court is proper. It has, indeed, been argued, that the replication is faulty, because it does not confess the matter-alleged in the plea; but this is not assigned as a cause of demurrer, and it is,, therefore, not noticed by the court.
 

 The demurrer having been overruled, several exceptions were taken at the trial to the opinion of the court. The first was to the admission of the-note as evidence. This was objected to, because the declaration averred the note to be assigned for value received, and the assignment contained no expression of a valuable consideration, but was declared to be made “ without recourse.” As the assignment is not set forth
 
 in hme verba,
 
 this exception is so clearly unmaintainable, that it will require only
 
 to
 
 be mentioned.
 

 The 2d exception requires more consideration. It is, that although the averment that the assignment was made for value received, was immaterial,, yet the plaintiff, having stated the fact in his declaration, is bound to prove
 
 *126
 
 it. Ill support of this position,
 
 Bristow
 
 v.
 
 Wright,
 
 Doug. 665, has been quoted and relied on. The strictness with which, in England, a plaintiff is *9001 bound to prove the averments of his declaration, although *they -* may be immaterial, seems to have relaxed from its original rigor. The reasons stated by Lord Mansfield, in the case reported by Douglas, for adhering to the rule, do not apply in the United States, where costs are not affected by the length of the declaration.
 

 Examining the subject, with a view to the great principles of justice, and to those rules which are calculated for the preservation of right and the prevention of injury, no reason is perceived for requiring the proof of a perfectly immaterial averment, unless that averment be descriptive of a written instrument, which, by being untruly described, may, by possibility, mislead the opposite party. Where, then, the averment in the declaration is of a fact
 
 dehors
 
 the written contract, which fact is in itself immaterial, it is the opinion of the court, that the party making the averment, is not bound to prove it.
 

 In this case, the averment, that the assignment was made for value received, is the averment of a fact which is perfectly immaterial, and which forms no part of the written assignment; nor is it averred to be a part of it. It is an extrinsic fact, showing how the right of action was acquired, but which contributes nothing towards giving that right of action. The party making this useless averment ought not to be bound to prove it. No case which has been cited at bar, comes up to this. The averments of the declaration, which the plaintiff has been required to prove, are all descriptive of records, or of written contracts ; not of a fact, at the same time, extrinsic and immaterial. The court is, therefore, unanimous in the opinion, that this exception cannot be maintained.
 

 In the progress of the trial, the counsel for the defendant in the court below, also required that court to instruct the jury, that unless the plaintiff *2101 cou^ show that the Ramsays, who were his agents, had the power *to -* collect some other debt from the defendant, the payments made by him, to them, should be credited on the notes given to them in trust for Codman, which instruction the court very properly refused to give.
 

 Independent of the proof made by the plaintiff, that the sums of money received by the Ramsays from Wilson, were really on their own account, the instruction would not have been proper, as this case actually stood. There was a running account between the Ramsays and Wilson, who had large transactions with each other, and who reciprocally advanced large sums. This running account is not stated by the defendant, in the proposition for the opinion of the court. The effect it produces is to make it proper for Wilson to prove, that advances made by him to the Ramsays were not designed to satisfy their particular engagements with each other, but were intended to discharge the debt due to Codman. Terms are improperly used in the bill, which imply a fact contradicted by the testimony. The word “ payment ” is used instead of the word “ advance,” and this, at first view, may produce an obscurity, which is dissipated on investigating the record.
 

 The judgment is to be affirmed, with costs.