Olive brought an action of debt on a promissory note, not under seal, against Napier, which had been executed by Napier to one Travey Carter, and by him assigned to Olive. In the inferior court Napier pleaded nihildebit, upon which issue was taken, and a verdict rendered for Olive. Napier then moved an arrest of judgment, and assigned for cause that an action of debt will not lie on a promissory not, not under seal, by the indorsee against the maker. The motion in arrest of judgment *Page 12 
was sustained; whereupon Olive prosecuted this writ of error.
Upon looking into the record it appears that the plaintiff as indorsee of a promissory note, not under seal, commenced an action of debt against the defendant, the maker of the note, setting it out substantially in the declaration. The declaration then states the assignment thereof to the plaintiff, and alleges that by virtue of the act of Assembly in such cases made and provided, an action accrued to the plaintiff. To this declaration the defendant pleaded nihil debit, upon which issue was joined, and a verdict rendered for the plaintiff.
The defendant filed reasons in arrest of judgment; the only one of which relied upon is, "that an indorsee of a promissory note, not under seal, can not support an action of debt against the drawer."
In examining this point it is conceived the counsel have adopted the most convenient mode.
1. To consider whether any act of Assembly of this State gives an action of debt to the indorsee?
2. If no such action is given by act of Assembly, whether it can be supported upon the principles of the common law?
The first Act upon this subject is found in Hay. Rev. 75, passed in the year 1762, and commences by reciting, that promissory notes are of great utility; and that there is no method of recovering money specified in such notes by any act of Assembly in force in the province. The Legislature then proceed to enact, "that where a promissory note is made payable to a person, or order, that the money mentioned in said note shall be construed to be by virtue thereof, due and payable to such person," c. It is next enacted, that such notes may be assignable over, in like manner as inland bills of exchange are by the custom of merchants in England. The payee is then given an action for the same, as he might have upon such bills of exchange. In the last place *Page 13 
the indorsee is given an action against the drawer, or any indorser, as in cases of Inland Bills of Exchange, c.
By this statute an action is given, first, to the payee, and then to the indorsee of such note. It is not said, in express terms, what kind of action.
Two circumstances induce the belief that assumpsit, and not debt, is the proper action.
1. The indorsee is to have an action against the drawer, or any indorser, as in cases of inland bills of exchange. Here the same kind of action is given to the indorsee against any indorser which is given him against the drawer: and no case is found where the indorsee has supported debt against a remote indorser. At present it is believed that at the time the Act was passed an action of assumpsit was almost the only action used on inland bills of exchange; hence it would seem reasonable to suppose that this was the kind of action intended to be given the indorsee of such a note.
2. The Act also gives, in such an action, damages. Now if debt was the action given, damages would not be the principal matter recovered. The party would in such action recover his debt, and damages for the detention of that debt. In the action of debt the principal sum is recovered in numero, and not in damages. In assumpsit the whole sum is recovered, in damages. By supposing assumpsit was the action intended, the Legislature will have expressed their intention correctly; otherwise we must suppose they were ignorant of the meaning of the terms they used. From these considerations it is believed assumpsit, and not debt, was the action given to the indorsee by this act of Assembly.
The next act of Assembly, Haywood's Revisal, 141, makes all bills, bonds, or notes for money, with or without seal, whether made payable to order, or for value received or not, negotiable; and authorizes them to be transferred by indorsement, as notes called promissory or negotiable notes had theretofore been; and gives the indorsee or assignee an action on the case in his own name, for the recovery of the money, *Page 14 
as suits had theretofore been had and maintained by indorsees or assignees of notes' called promissory or negotiable.
If a doubt could be entertained upon the Act of 1762, what kind of action it was intended to give the indorsee, it would seem the language used in the last-mentioned Act ought to remove it. The action on the case, is here given in express words, even on instruments under seal; as suits had been before had and maintained by indorsees on promissory notes.
The last Act upon this subject passed in 1789, Hay. Rev. 174. In this Act the Legislature gave an action of debt to the assignee, where the instrument assigned has a seal. As to instruments without seal, this Act did not interfere with them. They are left under the first two acts; and it is believed sufficiently certain that assumpsit, and not debt, is the action intended by them.
The second question, to wit: "Can the indorsee maintain this action by the principles of the common law?" is next to be considered.
In examining this point the defendant's counsel have cited, and relied upon Gilb. Title debt, 363; Chitty on Bills, 169, 170; 1 Cranch, 343; 1 Strange, 680; 1 Bos. Pul. 78; Chitty, 220, 221; Kid on Bills, 177; Loft's Gilb. 154, 155; Mass. Forms, 121; 3 Dyer, 272a.; 3 Cranch, 193; and the opinion of Judge Overton in the case of ____________ against Rogers, in the late Superior Court at Clarksville.
No case has been produced in which an indorsee of a promissory note has maintained an action against the maker; and it is thought probable none can be found. Indeed no decision directly upon the point, either way, has been discovered in this examination. And the very circumstance of no case existing is, perhaps, a strong argument to show that it has been the opinion of the profession that such an action as this could not be supported.
In the appendix to the first volume of Cranch's Reports there is a very elaborate examination of the doctrine relating to bills of exchange and promissory notes. Although the principal point which the author *Page 15 
examines is different from that presented in this case, yet he has, in a note, collected most of the cases relating to this point. It is believed that the indorsee of a promissory note can not, upon the principles of the common law, maintain an action of debt against the drawer; because such privity of contract does not exist between the indorsee and maker as is requisite to the maintenance of the action. The indorsee is no party to the note in its creation; he has no agency in the contract out of which it grows. The utmost extent of the argument in favor of this action is, that when the drawer makes the note payable to the order of the payee he promises to pay any person who may afterwards become an indorsee. To give this argument all the force which those who use it can wish, it is still evident that the indorsee is a stranger and not privy to the consideration paid for that promise; and on that account he can not support this action. In Milton's case, Hardres's Reports, 485, it is said this action will not lie against the acceptor of a bill of exchange, because his undertaking is collateral. It is certainly true that when a man accepts a bill of exchange his promise to pay the money is direct; yet it must be admitted that this promise is collateral to the consideration upon which the bill is drawn; and that the man who makes this promise did not receive the consideration paid for the bill. And, with great deference to those who think otherwise, it is supposed this is what the Court meant by the expressions they used in that case.
Now although the drawer of a promissory note receives a consideration, yet he does not receive it from the indorser, but from the payee; and the indorsee is as much a stranger to the consideration paid the maker of a note as the acceptor of a bill of exchange is to the consideration paid the drawer. The farthest that any adjudged case goes is to show that debt has been maintained by the payee against the maker of a note. In that case they are the parties to the promise, and the consideration which produced that promise; not so in this case. *Page 16 
My opinion therefore is that the judgment must be arrested.
As to what would be the fate of an action of debt by the indorsee against his immediate indorser, or by the payee against the maker of a note, no opinion is given, as those points do not necessarily come into decision in this case.