B no ckei; rot;g it, J.
The first question which I shall consider in this case is, whether the instruction which was asked for by the defendant was properly refused or not. The effect of the refusal as it regards the first count, I will first inquire into. That count alleges that the plaintiff was tenant to the defendant for the term of five months from the 1st day of April to the 1st day of September 1828, at the rent of 20 dollars payable on the day last mentioned, in repairs and in labour, and that the defendant, on the 27th day of October of that year, wrongfully distrained his goods, for the sum of 65 dollars alleged by the defendant to be due on the first of April following; and avers that at the time of the said distress and seizure no rent was in arrear. After the plaintiff' had given evidence, the defendant offered evidence to prove that the lease was for twelve months from the 1st day of April 1828 to the 1st day of April 1829, for 65 dollars payable at the day last mentioned; and then moved the court to instruct the jury, that if they should believe, from the evidence, that the lease from the defendant to the plaintiff was not as alleged by the plaintiff, but as proved by the defendant, the plaintiff could not recover on either count: which instruction was refused. The question is whether that variance is fatal or not.
I admit that, according to approved authorities, it is sufficient, in an action for a wrongful distress, for the plaintiff to charge that the defendant unlawfully and with force and arms took and seized his goods in the *668 name of a distress for rent, upon a demise of the land (averring that no rent was due) without specifying the particulars of the demise itself. Salter v. Brunsden, 4 Mod. 231. Bradby on Distresses 176. But if the plaintiff undertakes to set out those particulars, the question is whether he is not required to prove them substantially as laid.
On this subject Starlcie, vol. 3. p. 1543. makes the following judicious remarks. “ It is clear that no averment of any matter essential to the claim or charge can ever be rejected. And this position extends to all allegations which operate by way of description or limitation to that which is material. Let an averment of this sort be ever so superfluous in its own nature, it can never be considered to be immaterial, when it constitutes the identity of that which is material.” In support of this position, he refers to the famous case of Bristow v. Wright &c. Doug. 666. It was an action against the sheriff, by a landlord, for taking his lessee’s goods in execution without leaving a year’s rent. The declaration alleged that the rent was payable in four quarterly payments; it was held that this allegation, although unnecessary, must be proved. In that case the necessary averment that rent was 'due, was limited by the allegation to rent payable quarterly. Cudliff v. Rundle, Carth. 202. is thus stated. “ The plaintiff in an action against his lessee for negligently keeping his fire, per quod the premises were burnt, alleged that he was tenant under a demise for seven years, whereas he was but tenant at will; and the variance was held to be fatal. The fact of the tenancy was essential, and the averment that it was a tenancy under a demise for seven years, operated as a limitation and description of that which was material.” But the case of Savage qui tam v. Smith, 2 Black. Rep. 1101. is perhaps stronger still, to shew that an averment which need not be made, yet being made, becomes so connected with an averment that is essential, that it must *669 be proved. It shews the difference between unnecessary and merely impertinent averments. It was in form an action of debt by a common informer against a bailiff, for extorting illegal fees in executing a fi. fa. The statute inflicts a heavy penalty for the transgression; no less than treble damages to the party grieved, and ¿£40. to the king and common informer. It is in substance a punishment for a delictum, whilst the remedy is in form ex contractu. The declaration alleged a judgment, and a fieri facias on that judgment. It was not necessary to allege the judgment, yet it was held that the plaintiff’ wa.s bound to prove the judgment as well as the execution. Be Grey, C. J. said, “ A difference has been rightly taken between immaterial and impertinent averments, and it is said the latter need not be proved, though the former must, because relative to the point in question.” Gould, J. said, “As the judgment is set forth, it ought to be proved.” BlacJcstone, J. said, “ Either this judgment must be proved, or the whole allegation thereof rejected as impertinence and surplusage. Now if the allegation of the judgment be struck out of the declaration as at present framed, then the fieri facias will bo imperfectly set forth, for it refers all along to the judgment which was previously alleged.” If we compare these cases with the one under consideration, we shall see their appositeness. The action here, it is true, is in form ex delicto. It was perhaps necessary, either to state that there was a demise of certain lands and tenements, or that the plaintiff' and defendant stood in the relation of landlord and tenant; but it was unnecessary to allege that the demise was for five months, from the first day of April to the first day of September. Yet that allegation operates as a limitation and description of the general demise; it makes a part of the description of the demise, and you cannot any more separate the particular term from the general demise, than you can separate the fi. fa. from the judgment in the case of Savage v. Smith.
*670 “ If a party take upon himself to state in pleading a particular estate, where it was -only required of him that he should shew a general or even a less estate, title or interest, the adversary may traverse the allegation, and if it be untrue, the party will fail. Thus a general freehold title, liberum tenemcntum, may be pleaded either in trespass or in an avowry in replevin, and under it the defendant may prove any estate of freehold, either in fee, in tail or for life ; but if he state, though unnecessarily, a seisin in fee of a particular estate or interest, and the other side traverse the allegation, it must be proved as stated.” These are the remarks of Chitty, Pleading, vol. 1. p. 262. for which he refers to the above mentioned cases from Doug, and W. Black. Rep. and he concludes thus: “ These are instances of material matter being alleged with an unnecessary detail of circumstances or particularity. The subject matter of the averment is material and relevant, and the evil is, that the essential and immaterial parts are so interwoven as to expose the whole allegation to a traverse, and the consequent necessity of proof to the full extent to which it is carried by the pleading.”
It has been well remarked that “ when an action of tort is founded on a contract, a variance from the contract alleged will be as fatal as in an action on the contract itself; for the tort founded on the contract cannot be the same, unless the contract be the same.” 3 Starkie 1548. In support of this position, I will only refer to one authority, Weall v. William and Henry King, 12 East 452. It was case for a deceit in the sale of lambs for sound lambs, whereas they were unsound, and afflicted with the rot. The declaration charged that the plaintiff bargained with both defendants, and that the deceit was effected by means of a warranty made by both defendants. The proof was, that the warranty was only made by the defendant Henry King, there being nothing to charge the other. The defendants objected that the *671 evidence did not maintain the declaration. The plain- • 1 tin answered that this was an action on the tort; that torts are in their nature several, and that in actions of tort one defendant may be acquitted and others found guilty. This was admitted to be true; but the court said that the joint contract described in the declaration was the foundation of the joint warranty and deceit charged, and that the proof of the contract must correspond with the description of it, in all material respects; and the plaintiff was nonsuited. In that case the deceit was clearly made out against one of the defendants, but the deceit sprung from a joint warranty, made in consequence of a joint contract, and varied from the allegation, and therefore the action was not supported. In the case before us, the tort alleged was founded also on a contract. It is true that the gist of the action is the wrongful seizure of the goods, by way of distress, wdien no rent was due. But on what was that seizure founded ? It is alleged to have been founded on a demise ; and that contract being variant from the one which was proved, it follows that the allegation of that which was the very foundation of the tort is not supported, and consequently the plaintiff ought to fail in his action. In this case the defendant, seeing that the plaintiff had charged him with a tort founded on a specific contract which never had existence, might not have deemed it necessary to provide himself with proof which would have exonerated him from all liability under the contract as it was really entered into between them, relying that the plaintiff would be obliged to prove his case as alleged. And thus both ho and his counsel might have been completely entrapped and surprised by the plaintiff’s pleading.
The two other counts charge, not a wrongful distress, but an unlawful attachment against the plaintiff’s property, for rent to fall due at a future day; but it charges the demise in the same way, and the proof is the same. *672 There is the same variance. I am of opinion that the instruction which was asked for ought to have been given.
As to the demurrer to the three counts, I am clearly of opinion that it should be overruled. I will not, however, say any thing on this subject, but refer to the opinion of the president, which is full and entirely satisfactory. The judgment of the circuit court should be reversed, with costs; and then,' proceeding to give such judgment as the circuit court should have given, the judgment of the county court should be reversed, the verdict set aside, and a venire facias de novo awarded, and on the new trial the court should be required to give the instruction asked for by the defendant, if he should again ask it.
Carr, J.
Agreeing entirely with the president in his remarks as to the sufficiency of the declaration, I will not weaken their force by attempting to add a word to what has been so well said. But from the opinion of my brethren on the motion to the court to instruct the jury, I have the misfortune to differ, and will as briefly as possible declare the reasons of that difference. The action is for a distress when no rent was in arrear. The first count, in setting out the trespass, states the lease under colour of which it was committed, to have been for five months at the price of 20 dollars, to be discharged in repairs &c. The second and third counts state it as a lease for five months at 20 dollars in money. The defendant moved the court to instruct the jury, that if they should believe, from the evidence, that the lease was not for five months for 20 dollars, but a lease for twelve months for 65 dollars, then the plaintiff could not recover on either of the counts in the declaration. The court refused this instruction; and I think they were right. The opposite opinion seems to rest on the ground that the gist of the action being the arrear of *673 rent, and that depending on the contract, this contract of lease becomes material and the gist of the action, and must be proved as set out. I take the ground that in an action for a distress for rent, where none was in arrear, the gist, the gravamen, is the wrongful distress ; that in such action the demise need not be set out at all; that if the particulars of the contract be set out, it is mere surplusage, all that is necessary being to state the relation of landlord and tenant, and that the goods were taken in the name of distress Avhen no rent was due. The first authority I will refer to is Salter v. Brunsden, 4 Mod. 231. decided by lord Holt. That was an action upon the statute, for distraining Avhere no rent was due. The material part of the declaration was as follows: “ Nicholas Salter complains of John Brunsden and John Kite &c. that they, on the 16th of September 1691, at &c. with force and arms &c. the goods and chattels, to wit, forty quarters of barley, of the said Nicholas, to the value of £ 40. then and there found, in the name of a distress for rent by the said Nicholas to the said John Brunsden, upon a demise of a messuage and certain lands to the said Nicholas by the said John Brunsden theretofore made, supposed and pretended to be in arrear, by co-lour of a certain act of parliament in this case lately made and provided, took and distrained &c.” On this declaration there was a judgment by default; and it Avas moved in arrest, that there was no demise sufficiently set forth, neither is it said that the goods were distrained for rent arrear, but that they were taken nomine districtionis, which is not a good averment that they were distrained. But the court held the declaration good. Here we find that a declaration, upon the objection expressly taken, was held good, though it did not set out either the premises, the terms of the lease, or the rent claimed as due. The court do not express the grounds of their opinion; but we know that they must have been, that these things were superfluous, *674 forming no part of the plaintiff’s case. In 2 Chitty’s Pleading 17. we find the form of a declaration in such cases, substantially the Same as the above; and in the note, he refers to this case of Salter v. Bruns&en, “in which” (says he) “ the' declaration was more concise than that above, and it was held unnecessary to state a demise in form, and sufficient to say that the goods were taken nomine districtionis.” But it is said, that though it is unnecessary to set out the demise, yet if the plaintiff undertakes to describe it in his declaration, he will be held to prove it as laid; and this is rested on a passage quoted from Starkie, and on the case of Bristow v. Wright, Doug. 666. and the cases there cited. The passage (3 Starkie on Ev. 1547.) is as follows: “ Where an action of tort is founded on a contract, a variance from the contract alleged will be as fatal as in an action upon the contract itself; for the tort founded on the contract cannot he the same, unless the contract he the same." Now, to my mind, the very reason given as the foundation of the position, shews that it does not apply to the case before us, but to that class of cases where the action is in truth founded on the contract, though the pleader has clothed it in the garb of tort. Of such cases it may be truly said, that “the tort founded on the contract cannot be the same, unless the contract be the same.” But how can this be said of our case ? Here the gravamen is that the defendant, under colour of rent arrear, when none was due, has dis-trained the plaintiff’s goods (specially described) to the value &c. If in truth there be no rent in arrear, how can this tort be varied, whether the lease was for five months or five years, or for 20 dollars or 100 ? The trespass is the same, the injury the same in either case. But let us look to the cases referred • to by StarJcie in support of his position. If I mistake not, they will shew us still more clearly what he means. The first case is Weall v. King &c. 12 East 452. The abstract *675 of the case is this : “ Upon a declaration in case, alleging a deceit to have been effected upon the plaintiff by means of a warranty made by two defendants, upon a joint sale to him by both, of sheep, their joint property, the plaintiff cannot recover upon proof of a contract of sale and warranty by one only, of his separate property; the action, though laid in tort, being founded on the joint contract alleged.” Upon the failure of proof at nisi prius, the judge directed a nonsuit. A rule nisi brought the subject before the court. Lord Ellenborough delivered judgment. After stating the case, he said: “ The argument on the part of the defendant has been, that this is an action founded on the tort; that torts are in their nature several, and that in actions of tort one defendant may be acquitted and others found guilty. This is unquestionably true, but still is not sufficient to decide the present question. The declaration alleges the deceit to have been effected by means of a warranty made by both the defendants, in the course of a joint sale by them both, of sheep, their joint property. The joint contract thus described is the foundation of the joint warranty laid in the declaration, and essential to its legal existence and validity; and it is a rule of law, that the proof of the contract must correspond with the description of it in all material respects.” After several other remarks equally strong and clear, he concludes thus : “ In this case a joint contract was necessary to be laid, in order to maintain the ground of the action as stated upon the record; and being so laid, and not being proved, the plaintiff was properly nonsuited.” There needs no remark to shew to what class this case belongs. The next case referred to by Starkie is Green v. Greenbank, 2 Marsh. 487. 4 Eng. Com. Law Rep. 875. That was an action on the case for a cheat in the exchange of horses, stating that the defendant, by falsely warranting his mare to be sound, exchanged her for that of the plaintiff, &c. by means of which the defendant *676 falsely and fraudulently deceived the plaintiff, &c. The defendant pleaded infancy; the plaintiff demurred generally to the plea, and the cause came on upon the demurrer. Ch. J. Gibbs pronounced judgment. He said: “ The cases which have been alluded to, clearly shew that where the substantial ground of action rests on promises, the plaintiff cannot, by changing the form of action, render a person liable who would not have been liable on his promise. This is a case in which the assumpsit is clearly the foundation of the action; for it is in fact an undertaking that the horse was sound.” Judgment was given for the defendant. The last case cited is Lopez v. De Tastet, 1 Brod. & Bing. 538. 5 Eng. Com. Law Rep. 180. This was like the rest, substantially founded on a contract, though in form ex delicto. The judges all considered it so. Parle, J. said: “ In all that class of cases to which the counsel has properly turned his attention, from Powell v. Layton down to the last case of Green v. Greenbanlc, supporting the case of Weall v. King, I take the rule to be, that whether the party proceed in form ex delicto, or in form ex contractu, yet the contract must be stated to raise the duty.” All these cases, we see, were in truth cases founded on the contract; in which the contract was necessary to be set out, to support the action. How can such cases, or the rule they are cited to support, be applied to our case, where the demise need not be set out, and the gra.vamen arises from the wrongful distress alone?
But the case of Bristow v. Wright is said to govern this. It is a decision of lord Mansfield (clarum et venerabile nomen) ;■ yet it has happened to some of the decisions of that great man, to be overruled by his successors. I think I will shew that this case does not apply with much force to ours, and also that it has been considerably shaken by subsequent cases. We have not Doug. Reports in our library, and I cannot therefore see the case in full; but it is stated by the judges in seve *677 ral other cases. It was an action on the case against a sheriff’, for taking the tenant’s goods in execution without satisfying the landlord for a year’s rent. The plaintiff averred that the rent was reserved quarterly, whereas it turned out to be reserved yearly ; and it was held that though the averment was unnecessary, the variance was fatal. This is the case. Let us turn to some of the commentaries of the judges upon it. In Gwinnett v. Phillips, 3 T. R. 643. the declaration was on the statute 11 George the 2d. to recover double the value of goods removed in order to prevent a distress. It contained an averment that a certain sum was due for rent before the goods were removed. The question before the court was, whether the plaintiff was bound to prove the sum averred. Bristow v. Wright, and Savage qui tam v. Smith, were strongly pressed. Lord Kenyon remarked: “I have heard both in and out of courts, that the doctrine in Bristow v. Wright must be confined to contracts. Good sense will reconcile all the authorities. If the plaintiff allege any thing which forms a constituent part of his title, he must set it out correctly, as was held in Savage qui tam v. Smith." Speaking of the case before him, he says : “ Here it was impertinent to state what the rent was; the defendants incurred a penalty under this act of parliament, in fraudulently removing the goods which were subject to the distress. Whether £5. or any other sum were in arrear, was perfectly immaterial; the damages were not to be measured by the quantity of rent, but by the value of the goods removed.” These remarks seem to be so apposite to the case before us, that I cannot but stop a moment, and make the application. It was impertinent here to state what the rent was. Why ? Because the damages were not to be measured by the rent, whether £5. or ¿6100. So I say it was impertinent to set out the terms of the lease in our case, because the damages were not to be measured by them, but by the injury in *678 flicted on the plaintiff by the wrongful distress. But to return—Ashhurst, J. says : “ The gist of the action is the fraudulent removal of the goods from the premises in order to defeat the distress; it was therefore immaterial to the defendants whether one sum or another was due for rent, for in either case they were guilty of the tort.” So I say, in the case before the court, it was wholly immaterial to the defendant whether the lease was for one year or ten years, for 20 dollars or 100, for in either case he was guilty of the tort; a tort which could not be influenced, nor the damages arising from it measured, by the terms of the lease. In the same case Buller, J. says that the court had often decided, that Bristow v. Wright was not an authority beyond the cases of contracts. He adds : “ Perhaps the rule laid down there will be found to extend to all cases of records and written contracts.” (It will be remembered that ours was a parol contract.) In Peppin v. Solomon, 5 T. R. 496. an action on a policy of insurance, the declaration stated that after the making of the policy the ship sailed; the evidence was that she sailed before', and held that the variance was immaterial. Here again the case of Bristow v. Wright was pressed upon the court. Buller, J. remarked: “ I am aware that Bristow v. Wright has been sometimes doubted, but I am still of opinion that it was rightly decided. In order to entitle the plaintiff to maintain that action, it was necessary for him to shew that he was the landlord, it being an action against the sheriff for taking the lessee’s goods without leaving a year’s rent; and to shew that the plaintiff was landlord, he was obliged to set forth a contract between himself and the tenant.” In this remark is shewn a striking distinction between Bristow v. Wright and the case at bar. There the plaintiff was obliged to set forth the contract, and therefore must prove it as stated : here he had no business to state the contract at all; its terms were wholly immaterial. *679 There are other english cases in which Bristow v. Wright is mentioned, but I will pass them by, and refer to the case of Wilson v. Codman’s ex’or, 3 Cranch 193. That was an action by the assignee of a promissory note. In his declaration he set out the assignment, as being made for value received. The assignment had not the words for value received ; and this variance was objected to, on the authority of Bristow v. Wright. Marshall, C. J. delivered the opinion of the court. He said: “ The second exception requires more consideration. It is, that although the averment that the assignment was made for a valuable consideration was immaterial, yet the plaintiff, having stated the fact in his declaration, is bound to prove it. In support of this position, Bristow v. Wright is quoted and relied on. The strictness with which, in England, a plaintiff is bound to prove the averments of his declaration, although they may be immaterial, seems to have relaxed from its original rigour. The reasons stated by lord Mansfield, in the case reported by Douglass, for adhering to the rule, do not apply in the United States, where costs are not affected by the length of the declaration. Examining the subject with a view to the great principles of justice, and to those rules which are calculated for the preservation of right and the prevention of injury, no reason is perceived for requiring the proof of a perfectly immaterial averment, unless that averment be descriptive of a written instrument which, by being untruly described, may by possibility mislead the opposite party. In this case the averment that the assignment was made for value received, is the averment of a fact which is perfectly immaterial, and which forms no part of the written assignment. The party making this useless averment ought not to be bound to prove it. No case which has been cited at bar comes up to this. The averments of the declaration, which the plaintiff has been required to prove, are all descriptive of records or *680 of written contracts; not of a fact at the same time extrinsic and immaterial.”
But it may be said, the whole averment cannot be stricken out of the declaration in the case before us, without detracting something which is essential to the merits of the claim. If this be admitted, it is a rule laid down by the books (3 Starkie 1540.) that averments divisible in their nature may be divided in the consideration of the court, and the cases shew us that they frequently are so divided. Ricketts v. Salwey, 2 Barn. & Ald. 360. Lord Churchill v. Hunt, Id. 685. In our case the averment is perfectly divisible. The first part states the relation of landlord and tenant, and then it goes on to specify. Strike out this specification, and the declaration is perfect. To conclude. If (as chief justice Marshall tells us) “the strictness with which, in England, a plaintiff is bound to prove the averments in his declaration, even though immaterial, has considerably relaxed from its original rigour;” if the reasons on which lord Mansfield sustained it do not apply to the United Stales; if, “in examining the subject with a view to the great principles of justice, and to those rules which are calculated for the preservation of right and prevention of injury,” no reason can be perceived for requiring the proof of an immaterial averment, unless descriptive of a written instrument: why should we, who are bound by no authority of our own court—with whom this point is res integra—why should we introduce it into our practice ? Why, in this doubtful strife of english authorities, take sides with form against substance, with technicality against the substantial justice of the case P The jury have found that the plaintiff suffered damage to the amount of 300 dollars by this wrongful distress. In this they were guided by the real injury inflicted, not by the description of the lease. I cannot set this verdict aside because the court did not give the instruction.
*681 Cabell, J.
I have struggled hard to support this verdict, because I thought it very probable that it was founded in the justice of the particular case. But parties litigant, although they are allowed to present their cases in their own way, must submit to the consequences of their own acts and omissions. Courts must be satisfied to administer justice according to law; for it would be very mischievous to prevent a particular hardship, by a violation of general principles.
I think the county court erred in refusing to give the instruction moved for by the defendant, as to the effect of the variance between the contract of lease stated in the declaration, and that which was proved on the trial.
I readily concede that a man whose property has been illegally distrained for rent may, even where there was a written lease, sustain his action without stating in his declaration the contract of lease, or even the fact of tenancy, or the relation of landlord and tenant. It will be sufficient if he merely state that the property was taken in the name of a distress. Salter v. Brunsden, 4 Mod. 231. 1 concede also, that if he state the contract, he may do it in the most general terms.
But this case presents no such question. In this case there was a tenancy, and the plaintiff undertook to state in his declaration the contract by which that tenancy was created, and to describe it particularly, as having a certain commencement and termination, and reserving a certain rent. He then complains that his property was distrained, under colour of rent due under that lease, when in fact no rent was due. The question presented fay the bill of exceptions is not whether the plaintiff was bound to state the contract of lease, nor whether, having stated it, he was bound to describe it particularly; but whether, having stated it, and having described it particularly, he can recover on proof of a contract different from that which was stated and particularly described.
*682 The leading authority on this subject is the case of Bristow v. Wright, Doug. Rep. 640. in which lord MansjfoZd decided that immaterial averments, which in fact relate to the cause or ground of action, although not necessary to be recited, yet if recited, must be correctly recited. In such case a variance between the recital and the proof will be fatal; “for then the case declared on is different from that which is proved; and you must recover secundum allegata et probataA How could the defendant defend himself, if, when he comes prepared to answer one charge, he is met by a new and different one ?
This case of Bristow v. Wright has sometimes been complained of; but its authority has never, I believe, been doubted, when applied to contracts. In Gwinnett v. Phillips, 3 T. R. 643. lord Kenyon said it must be confined to contracts. But he adds, “ Good sense will reconcile all the authorities. If the plaintiff allege any thing which forms a constituent part of his title, he must set it out correctly; as was held in Savage qui tam v. Smith, 2 Black. Rep. 1101. There, the ground of the execution was the judgment, and though the plaintiff was not bound to have stated the judgment, yet being set out, it ought to have been proved.” So in this case, the plaintiff was not bound to state the contract of lease, yet having stated it as the foundation of his action, as the contract under colour of which the defendant had distrained his property, it ought to have been proved as laid. In Peppin v. Solomon, 5 T. R. 496. Butter, J. said, “ I am aware that Bristow v. Wright has been sometimes doubted; but I am still of opinion that it was rightly decided. In order to entitle the plaintiff to maintain that action, it was necessary for him to shew that he was the landlord, it being an action against the sheriff for taking the lessee’s goods without leaving a year’s rent; and to shew that the plaintiff was the landlord, he was obliged to set forth a contract between *683 himself and the tenant. Now, contracts are in iheir nature entire ; and in pleadings they must be stated accurately.” Nothing can be more apposite to the case before us than these remarks of this great judge. The plaintiff here was not bound to sue the defendant as his landlord; but he chose to sue him in that character, and to make the relation of landlord and tenant the foundation of his claim. He was bound therefore, by the form which he gave to his action, to shew that he sustained that character, by setting forth a contract between them, constituting the relation of landlord and tenant. And (In the language of justice Butter) “ contracts are in their nature entire, and must be accurately stated.” This has not been done in this case, and the variance is fatal.
The decision in the case of Wilson v. Codman's ex'ors, 3 Cranch 193. is perfectly correct, hut has no application to the ease before us. In that case the action was on a written contract, and the averment was of an extrinsic fact, dehors the contract, and nowise material. Hero, the averment is of the very essence of the contract.
On all the other points in the cause, 1 concur in the opinion which will be delivered by the president.
Tucker, P.
The most vital question in this case refers itself to the first count in the declaration. To that I shall, therefore first direct my attention.
This is an action for a distress where no rent was in arrear and unpaid ; but no sale having taken place of the goods distrained, the action is not brought under the statute. The first count in the declaration is in case, and it is contended, first, that as a distress, when {here is no rent in arrear, is a trespass, being a forcible seizing and carrying away of the goods of the plaintiff, the action should have been trespass de bonis asportatis, and not case. The learned counsel has sufficiently estab *684 fished, by the numerous cases 'which he cited, the marked distinction between- the actions of trespass and on the case, and the tenacity with which, in some respects, the courts have adhered to it. He has also shewn beyond question, that a distress where no rent is in arrear is a trespass, and that the action of trespass lies for it. These positions will not be controverted. But the true point of inquiry is whether, in relation to trespasses upon property (as contradistinguished from trespasses upon the person) it is not competent for the party injured to waive the trespass and go for the lesser and more venial offence; or whether it is competent for the defendant to defend himself by alleging his own violation of the peace, and to protect himself by proving that he had been guilty of greater outrages than are charged upon him by the plaintiff. Upon this subject I can have no doubt. Had the count been in case for a distress for more rent than was due, I cannot think that the defendant could have been received to plead “ that there was no rent due, and so he was a trespasser.” So here, where, though a trespasser, he is charged in case, I do not think he can be received to say (as he does in effect by demurring) “I have taken the goods by force of arms, which you have not charged me with, and the judgment against me ought to be that I be imprisoned (a capiatur) instead of in mercy.”
Let us, however, look into this matter upon principle and authority. I lay it down that nothing is more common, in relation to trespasses upon property, than the right to waive the trespass and treat the defendant as a wrongdoer without force. Thus in trover, though the goods have come to the hands of the defendant by the commission of a trespass, the plaintiff may waive the trespass, may sue in trover, and may declare that the defendant acquired the possession by finding; and this the defendant cannot deny, for the finding is not traversable. Now this is doctrine as old as the times of *685 queen Elizabeth; for in Bishop v. Viscountess Montague, Cro. Eliz. 824. where the plaintiff’s oxen were seized as for heriots due the defendant, when no heriots were due, it was objected that the taking was a trespass, and so the action should have been trespass. But it was held that “ though trespass lies, the plaintiff may have this action if he will; for he hath his election to bring either ; and as he may have detinue or replevin for goods taken by a trespass, at his election, so he may have this action ; for one may qualify a tort, but not increase a tort, and he hath election to make it a tortious prisal or not.” Here too we see, that even at that early day it was held that the party injured might waive the trespass and sue in detinue, which is in form an action of contract. And though this opinion did not always prevail, yet it seems of late years to have been held by the most respectable authorities, 1 Chitty’s Pleading 139.140. and has been, I think, expressly sustained in 1 Bos. & Pull. N. R. 140. which book I have not however had an opportunity of examining, as the work is not in our library. So in the case of Skipiviclc v. Blanchard, 6 T. R. 298. trover was maintained for goods taken by a wrongful distress; and in Tinkler v. Poole, 5 Burr. 2657. it was sustained against a custom house officer for illegal seizure of goods, which amounted to a trespass. So although trespass is the proper form of action for an arrest under process of a court which has no jurisdiction of the subject matter, 1 Chitty’s Pleading 210. yet case will also lie, 2 Wilson 302. and this notwithstanding the arrest is a trespass in itself. So that we see there is a variety of cases in which the party on whom a trespass has been committed may qualify the tort, by waiving the trespass and suing for the less atrocious wrong.
But there are authorities still more in point. In Branscomb v. Bridges, 1 Barn. & Cres. 145. the action was case for excessive distress. On the trial the plaintiff himself proved a tender of what was in arrear, *686 which made the distress a trespass : and it was objected that the action should have been trespass, and not case. The court said, “ If the defendants had proved a tender, it would not have been a good defence, and they cannot be in a better situation because the proof came from the plaintiff. Supposing trespass would lie, still the plaintiff was at liberty to waive the trespass and bring an action on the case. It has frequently been decided that trover will lie after a wrongful taking, and that is a stronger case, for there the pleadings state that the goods came lavfully to the defendant’s hands.” Accordingly, on the authority of this case and 2 Dow. & Ry. 256. the most respectable authority lays it down, that in the case of a wrongful distress the tenant may waive the trespass and declare in case. 2 Chitty’s Pleading 716. And the same opinion is to be found in the treatise of Bradby on Distresses 176. When to these authorities we add that the statute gives either action, in the cases to which it applies, and that the statute of jeofails so strongly discountenances objections to mistakes in the form of action, I feel great pleasure in being able to sustain the present declaration, against the objection that has been made to it.
It has been further objected, however, that by this count it appears that the plaintiff had sued out a replevin, and that case will not lie after replevin. I have not access to the book cited (Law Library, vol. 6. p. 564.) but it is obvious that if the declaration had said nothing about the replevin, the defendant, if he had relied upon it, must have pleaded a recovery in it, or it would not have availed as a plea in bar. If so, then it must so appear in the declaration, since the effect of the general demurrer is to bar the plaintiff’s action forever-. But non constat by the declaration, that the replevin ever was prosecuted; and therefore I conceive the objection is without foundation.
*687 In connection with this part of the subject, I will here remark, upon the instruction given by the court as to this writ of replevin, that on the one hand it does not appear to have bear discontinued, since a judgment was actually entered against the defendant for costs; but on the other hand the instruction was wrong, because if the replevin and the judgment thereupon constituted a bar, it could not have been given in evidence, as such, upon the issue of not guilty, but ought to have been specially pleaded. 1 Chitty’s Pleading 544.
As to the second and third counts, I can see no valid objection to them. The action on the case for suing out an attachment maliciously and without probable cause, is a familiar action with us, 6 Munf. 110. Gilm. 9. 2 Hen. & Munf. 4S. 308. and I see no reason for the opinion that it will not lie for a tenant, although it will for any other oppressed debtor. The argument indeed in his favour is a fortiori, when we consider that the tenant is not even permitted, in the attachment, to defend himself by pleading that his landlord had no ground to suspect his removal. 3 Rand. 148.
The three counts of the declaration then being good, the plaintiff was entitled to his judgment, unless some error was committed at the trial. I have already said that the instruction as to the bar of the action of replevin was erroneous; but the error, having been to the plaintiff’s prejudice, is unimportant. The defendant, however, gave evidence of a lease totally variant from that set forth in the declaration, and moved an instruction that such variance was fatal to the recovery. The instruction was refused, and, as I think, erroneously.
When an action of tort is founded on a contract, a variance from the contract alleged will be as fatal as in an action on the contract itself. 3 Starkie on Ev. 1529. 1542. 1543. 1547. Now in this case the essence of the wrong is the demand of that which, by the contract, the defendant had no right to have. The first count charges *688 a distress for rent in arrear, when in truth there was none in arrear. Had it dealt in generalities, it might have sufficed. But it alleges, expressly, a lease for five months for twenty dollars payable in repairs and la-hour, and avers that no rent was in arrear upon this contract. Surely the party, under this allegation, cannot recover upon a lease for twelve months for a money rent of sixty-five dollars. How was the defendant to answer or to prepare to meet the contract set forth, thus varying in every ingredient from the actual contract between the parties ? I do not perceive. The gist of the case is the.arrear of rent. Whether it be in arrear, depends upon the amount reserved and time of payment, and these depend upon the contract of lease. The contract of lease therefore is material, and the gist of the case; and though a general allegation would have sufficed, yet as the party has undertaken to set forth what is material, he must prove it as he sets it forth.
The result of all this is, that the judgment of the county court is erroneous; but that of the superiour court is also erroneous, in dismissing the plaintiff’s suit instead of sending the cause back for a new trial.
I am, upon the whole, of opinion to reverse the judg-; ment of the superiour court, with costs : and proceeding to enter such judgment as that court ought to have entered, Í am also of opinion to reverse the judgment of the county court, with costs, set aside the verdict, and award a venire de novo.
Judgments of both courts reversed, with costs, verdict set aside, and cause remanded for a new trial.