*510
 
 Ruffin, Chief Justice,
 

 after stating the case as above, proceeded as follows: — The substance of each exception is, that the existence and validity of the marriage was involved in the issue made between the parties. It does not seem material, therefore, to advert to the different modes in which the question was presented; for if, as is the opinion of the Court, the defendant cannot upon trial of that issue, disprove the marriage, it follows that the proof of it is not incumbent on the other side; and that a nonsuit could not be ordered for the want of such proof.
 

 Until our act of 1798
 
 (Rev. Stat.
 
 c. 2, sec. 4,) if a marriage took place
 
 pendente lite,
 
 the husband could not become a party; but the action might be abated therefor upon plea of the defendant, since the last continuance; or, if that matter was not pleaded, the suit proceeded in the name of the
 
 feme,
 
 as if she were still sole.
 
 Lee
 
 v.
 
 Maddox,
 
 Leon. 168.
 
 Morgan
 
 v.
 
 Paynter,
 
 6 T. R. 265. Coverture of the plaintiff cannot, at common law, be pleaded in bar, but in abatement only.
 
 Milner
 
 v.
 
 Milner,
 
 3 T R. 627. Of the same nature, in an action brought originally by husband and wife, is the defence that they are not husband and wife; either because they were never married, or that the marriage was void. In
 
 Dickerson et Uxor
 
 v.
 
 Davis,
 
 1 Strange, 480, on not guilty in trespass for assault on the wife, the defendant would have given in evidence, that the man had a former wife still living, insisting that the plea did not go barely to say that the defendant did not beat the woman, but that he did not beat the man’s wife; so that he was not entitled to damages. But the evidence was rejected, the Chief Justice Pbatt saying, that it might have been pleaded in abatement, and unless so pleaded, the honestest couple might be surprised and branded for adultery. Mr. Justice Bulleb lays it down in general terms, that in all actions by
 
 loaron and feme,
 
 unless the marriage be specially denied by plea, it is admitted. Bull. N. P. 20. It seems, then, to be settled law, that in suits brought by nusband and wife, the marriage is not involved in the general issue, and can be questioned only by putting it directly in issue.
 

 The act of 1798 alters the common law, and prevents an
 
 *511
 
 abatement upon marriage, at least if the husband makes himself party at the next term. The inquiry is, how the invalidity of the marriage, which has in fact been cele* brated, is to be raised and determined in such a case. It certainly cannot be pleaded in abatement of the action brought by the feme while sole; for it would be absurd to abate her suit upon the allegation that she was not married. But it does not follow, that the general issue shall involve the question more in this case, than it would if the action had been brought at first by husband and wife. The period of determining the character of the person must be when he applies to become a party; and the mode, by the Court, by whose leave he is admitted. He cannot be admitted till he shows the marriage; for his only title to admission depends on that fact, and the order for his admission states him to be the husband. The invalidity of the marriage cannot therefore be urged as an objection to his prosecuting the suit to which he has been made a party, as husband; but ought to have been brought forward as an objection to his being made a party at all. The statute provides, that the husband may be made a party “ on motion and that
 
 “
 
 the suit shall afterwards be carried on as if he and his wife had been originally plaintiffs.” It is analogous to an application to carry on a suit in a representative character. Although the evidence of the character assumed may be more simple and direct in the one case than the other, the legal principle is the same. When one is brought in under a
 
 scire facias
 
 as the executor of a deceased defendant, whether he can make any other defence or not, there is no doubt that he can deny that character by plea. But when a plaintiff dies, his executor is made a party on motion, and without process, and is entitled to a trial
 
 instanter,
 
 or at the next term, at his election; and because, by construction of the statutes this is done on motion, the admission of record is deemed a definitive adjudication of the representative character. 1 Hay. Rep. 455. 2 Hay. Rep. 66.
 
 Regula Generalis,
 
 stated by Judge Taylor, Tayl. Rep. 134. The person applying must satisfy the Court that he is executor, and unless admitted by the opposite party must produce
 
 *512
 
 his létters testamentary. The admission of record implies either that the defendant did not insist on the production of the letters, or that they were exhibited. Hence after ... , ,
 
 r r
 
 the order is once made, it is too late to contest the tact ot of his being executor. This was determined on a writ of error, in
 
 Wilson
 
 v.
 
 Codman’s Ex’rs, 3
 
 Cranch, 193; the provisions of the act of Congress being similar to our own for reviving of actions. The same view was taken by this Court of the effect of an order of revivor in equity, in
 
 Macnair
 
 v.
 
 Ragland,
 
 1 Dev. Eq. Cases, 533; it being deemed conclusive of the representative character, and to dispense with the proof of it on the hearing of the revived suit. Those conclusions have resulted necessarily from the interpretation which made the statutes require a decision
 
 on motion.
 
 The same consequence must be yet more necessary on the act of 1798, which uses those very words. As the party applies by motion, and no process and no plea are given, and no delay of trial provided for, but the suit is to proceed as if the action had been brought by husband and wife, the character of the applicant, whether husband or not, is involved in the application, and is decided in granting the motion. It might have been contested at the time; or, on a proper application, afterwards, the Court might have amended by rescinding the former order, if improvidently made. But while it stands, it is definitive of the existence of a legal marriage; and evidence to the contrary on the trial, would be liable to the objection, that it was contradictory to the record itself. Reviewing the judgment as a Court of error, it is not competent, in the present state of the case, to this Court, to pass on the propriety of the original order of admission, nor of any that might, on proper grounds, have been made to correct it. On the trial the question made by the. defendant was not open; and therefore the refusal of the instruction prayed was not erroneous, but proper.
 

 Per Curiam. Judgment affirmed,