WARD, AND OTHERS, v. STEAM BOAT LITTLE RED.

An immaterial averment alleged by way of inducement merely, need not be proved, although descriptive of a written instrument.

Appeal from the Circuit Court of Cooper county.

TODD for Appellants.

MILLER AND LEONARD for Appellee.

*Opinion of the Court, delivered by Napton, Judge*

This was an action instituted under our statute regulating proceedings against boats and vessels. The statement of the plaintiffs' cause of action is couched in the ordinary form of a declaration in case. This declaration avers, that whereas, the plaintiffs were owners of a certain horse ferry boat and horse gear appurtenant thereto, and the same was used at a certain ferry kept at Rocheport, on the Missouri river, and owned by the complainants. They, the complainants, did, prior to the first of June last, to wit, on the first of February, rent the use of the said ferry and the boat for one year, from and after the day and year last aforesaid, to a certain James F. Ware, and placed him in possession of the said ferry, and the boat and gear aforesaid; and by the agreement between the complainants and said Ware, they were to receive one-half of the proceeds made at the ferry, and the rights of ferriage owned by the complainants and

Aug. Term,
1842.

Ward and
others
v.
Steam Boat
Little Red.

leased as aforesaid to the said Ware, extended to and belonged to both banks of the river, &c.

After stating the contract with Ware, in these terms, by way of showing their reversionary interest, the declaration proceeded to set forth the gist of their cause of action against the steam boat Little Red, which was the loss of their ferry boat and gear by the negligence of said steam boat, in towing their ferry boat from Nashville to Rocheport, in compliance with a contract between Ware and the said steam boat.

On the trial, the contract between the owners of the ferry boat and Ware was proved to be as follows: on the 1st of February, 1839, Ware rented the ferry for one year. With the ferry, he rented a horse boat, five set of gear, and horses to work the boat. He was to find provisions for the horses, and keep the boat in good repair, and return the boat, gear, and horses at the end of the year; in consideration of which, he agreed to give the owners one-half of the nett proceeds.

The court held, the contract proved varied from that described in the declaration, and for this the plaintiffs were nonsuited. They moved to set the non-suit aside, but the court overruled their motion, and from this judgment they appealed to this court.

The case of Briston v. Wright, (Douglass, 640,) is the leading case on this subject, and is relied on to sustain the judgment of the circuit court. In that case, Lord Mansfield held, that in an action of tort, where a contract is alleged by way of inducement merely, it must be proved as laid. One of the avowed objects designed to be effected by Lord Mansfield in this decision was, to prevent pleaders from making their declarations unnecessarily long, and thereby increasing the costs of the suitors.

The doctrine of Briston and Wright has been adhered to in England. In the case of Gwinnett v. Phillips and others, the judges admitted the rule in Briston v. Wright, but said it was confined to cases of *records and written contracts*.

In the case of Cunningham v. Kimbell, (7 Mass. R. 68,) the case of Briston v. Wright is, *sub silentio*, overruled; for though the case was cited at the bar, the court held a con-

AUG. TERM.
1842.

Ward and
others
v.
Steam Boat
Little Red.

trary doctrine, and refused to send the case back for a new trial, because the evidence at the trial varied from the declaration.

The case of Wilson v. Codman's executors, (3 Cranch, 193,) shows the opinion entertained by the Supreme Court of the United States of the doctrine of Briston v. Wright. The action was brought by an assignee of a promissory note, and the declaration averred that the payees of the note, "by their certain writing endorsed on the said note, assigned the said note to the plaintiff, for *value received*." On the trial it appeared that the note was endorsed as follows, "We assign this note to J. C., *without recourse*."

The question was as to the effect of this variance. Judge Marshall, who delivered the opinion of the court, said, "The strictness with which, in England, a plaintiff is bound to prove the averments of his declaration, although they may be immaterial, seems to have relaxed from its original rigor. The reasons stated by Lord Mansfield, in the case reported by Douglass, for adhering to the rule, do not apply to the United States, where costs are not affected by the length of the declaration. Examining the subject with a view to the great principles of justice, and to those rules which are calculated for the preservation of right and for the prevention of injury, no reason is perceived for requiring the proof of a perfectly immaterial averment, unless that averment be descriptive of a written instrument, which by being untruly described, may by possibility mislead the opposite party. Where, then, the averment in the declaration is of a fact dehors the written contract, which fact is in itself immaterial, it is the opinion of the court that the party making the averment is not bound to prove it."

The rule in England, then, is, to say the least, a harsh rule, and adopted for reasons which have no applicability here. The rule is still adhered to by the Supreme Court of the United States so far as it applies to averments descriptive of records or written contracts. But when the averment is of a fact at the same time extrinsic and immaterial, though it may be of a contract, the principle is not held applicable. In the case of the Friendship, (1 Gallis, 45,) it was held, that

immaterial averments may be rejected; but where an aver- <span style="float:right">AUG. TERM<br>1842.</span>
ment is of substance and is more specific than necessary, and
cannot be rejected without a fatal defect, it must be proved <span style="float:right">Downing<br>v.<br>Ringer.</span>
as laid.

In the case now before the court, the averment of the
particulars relating to the consideration of the lease from the
owners of the ferry boat to Ware, was immaterial, and be-
ing made in relation to a contract which was mere induce-
ment to the action, the plaintiffs were not bound to prove it.

The judgment of the circuit court will therefore be revers-
ed, and the cause remanded for further proceedings.