55 465
130a 625

---

JENNIE E. REILLY and JENNIE REILLY, Plaintiffs, *v.* CHARLES HART, Defendant.

*Service of a summons by publication — death of the plaintiff pending the publication, effect thereof.*

In an action, brought for the foreclosure of a mortgage, publication of the summons was commenced pursuant to the order of the court, and when about half the time prescribed for such publication had expired the plaintiff in the action died. The publication was continued without regard to the plaintiff's death, and the action was subsequently revived in the name of his executrix, and the suit was prosecuted to judgment and sale.

*Held,* that by the death of the plaintiff the publication of the summons became ineffective, and its continuance after such death did not constitute a sufficient service in the foreclosure action on the defendant, whom it was thus sought to serve, and the court acquired no jurisdiction, as against such defendant, to enter judgment of foreclosure.

Submission of a controversy, under the provisions of section 1279 of the Code of Civil Procedure, without suit.

The defendant objected to the plaintiff's title to land purchased by the defendant, upon the ground that the equity of redemption therein was not cut off by the foreclosure action, under which the plaintiff claimed title thereto. The owners of the equity of redemption were not residents of the State, and it was attempted to serve them by publication of the summons.

*John R. Kuhn,* for the plaintiffs.

*Jesse Johnson,* for the defendant.

DYKMAN, J. :

This is a submission, without action, of a controversy which has arisen between these parties respecting the obligation of the defendant to perform a contract which he made with the plaintiff for the purchase of real property.

In 1874 the premises in question were owned by Bartholomew L. Lynch, who resided in the city of New Orleans, and there was then a mortgage upon the same held by Caleb Cogswell. In the latter part of that year Cogswell commenced an action for the foreclosure of his mortgage and procured an order for the service of the summons upon Lynch by publication.

The publication of the summons was commenced and was about half completed, that is, about one-half of the time during which the summons was to be published under the order had expired, when the plaintiff in the action died. The publication was continued without regard to the plaintiff's death, and the action was subsequently revived in the name of the executrix of the mortgagee, and the suit was prosecuted to judgment and sale, and the plaintiff holds under that title.

Did such publication of the summons, subsequent to the death of the plaintiff in the action, constitute a sufficient service on the defendant Lynch, and give the court jurisdiction to make the judgment of foreclosure against him ? If it did, then the title of the plaintiff is merchantable and the defendant must complete his purchase and perform his contract.

If such service was incomplete and insufficient, then the defendant must have judgment for the cancellation of his contract, and the return to him of the sum of $300 which he has paid on the contract.

The service was plainly incomplete at the time of the death of the plaintiff, and, therefore, no action had been commenced and none was continued.

The defendant should, therefore, have judgment, without costs.

BARNARD, P. J., concurred.

Judgment for defendant on submitted case, without costs.