JENNIE E. REILLY et al., Appellants, *v.* CHARLES HART, Respondent.

An order was obtained for service by publication of the summons in a foreclosure suit upon the owner of the equity of redemption, who was a non-resident, but before the completion of the service the plaintiff died, and publication was thereafter continued to the termination of the six weeks directed by the order; afterwards the action was continued pursuant to the order of the court in the name of the executrix of the deceased plaintiff, without further publication or appearance on the part of said defendant. A judgment of foreclosure and sale was rendered

and a sale made pursuant thereto. Upon a case submitted to determine as to whether plaintiff, who claimed title to the land under the foreclosure sale was entitled to the specific performance of a contract for the purchase thereof, *held*, that there was no effectual service of the summons in the foreclosure suit upon said defendant therein, and as to him the court acquired no jurisdiction. and as the equity of redemption was not barred by the sale, plaintiff was not able to convey a good title; that the effect of the death of the original plaintiff in the foreclosure suit was to suspend further proceedings other than for the continuance of the action, until his executrix was substituted; that while the order for service by publication may have remained available to give the court jurisdiction, the publication should have been commenced *de novo* after the substitution and continued for the requisite six weeks.

Reported below, 55 Hun, 465.

(Submitted January 22, 1892; decided February 9, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 10, 1890, in a controversy submitted for determination upon a case under section 1279 of the Code of Civil Procedure. The question submitted was as to plaintiff's right to the specific performance of a contract for the purchase by defendant of certain land, and the facts, so far as material, are stated in the opinion.

*John R. Kuhn* for appellants. The case shows that before the order was made for service of the summons upon these defendants by publication other defendants had been personally served, and the action was an "existing suit." (Code Pro. §§ 121, 132, 139; *Smith* v. *Joyce,* 11 C. P. 357; *Potter* v. *Van Vranken,* 36 N. Y. 619.) The provision that an action shall not abate by reason of the death of a party, means that everything relating to the action shall go right along as if the death had not occurred. (Code Pro. § 121; *Reed* v. *Butler,* 11 Abb. Pr. 128; *Smith* v. *Joyce,* 11 C. P. 357; *Moore* v. *Hamilton,* 44 N. Y. 672.) Plaintiff's title is not affected by the alleged defects. Defendant cannot justify his refusal to perform his agreement to purchase by a captious objection. (*Hellreigel* v. *Manning,* 97 N. Y. 56.)

*Jesse Johnson* for respondent.   At common law, on the death of the party an action ceased. (*Green* v. *Watkins*, 6 Wheat. 260; *Torrey* v. *Robertson*, 24 Miss. 192; *McKee* v. *Straus*, 2 Binn. 1; *Farmer* v. *Frey*, 4 McCord, 150; *Macker* v. *Thomas*, 7 Wheat. 530.)   Action having been brought in 1874 it is obvious that the Code of Procedure contains whatever of statutory rule there is applicable to this case.   (Code Pro. § 121; *Shaw* v. *N. R. R. Co.*, 5 Gray, 162; *Jarvis* v. *Felch*, 14 Abb. Pr. 46.)

BRADLEY, J.  The controversy arose upon the refusal of the defendant to complete the purchase of certain land in the city of Brooklyn, which land was the subject of a contract between the parties, whereby the plaintiffs agreed to sell and convey it by full covenant warranty deed to the defendant, and the latter to purchase it at the price of $3,360.  The refusal was upon the asserted ground that the plaintiffs were unable to convey a perfect title to the premises.  The title of the plaintiffs was derived from the purchaser of the property on a sale made pursuant to a judgment of foreclosure of a mortgage. And the objection was founded on the charge that such foreclosure sale was ineffectual to bar the equity of redemption of one Lynch, who had the title subject to the mortgage.  Lynch and his wife resided in the state of Louisiana.  The action to foreclose the mortgage was commenced by one Coggshall in November, 1874, by the service of the summons personally upon two defendants other than Lynch and his wife.  And in December following an order for service of the summons by publication upon them was obtained, and the summons was published accordingly, but before that service was completed the plaintiff in the action died.  The publication of the summons, nevertheless, proceeded to the termination of the six weeks, the time directed by the order.  And afterwards, pursuant to the order of the court in which that action was brought, it was continued in the name of the executrix of the will of the deceased plaintiff.  The defendants Lynch did not appear; and the decree was thereafter entered and the sale

pursuant to it had. The question is whether the summons was effectually served upon defendants Lynch. The action having been commenced by the personal service of the summons on the two other defendants, was properly continued in the name of the executrix as plaintiff. (Code, § 121; *Livermore* v. *Bainbridge*, 49 N. Y. 125.)

As the requisite time to effect service by publication had not expired at the time of the death of the original plaintiff, the summons had not then been served upon the defendants Lynch, and the court had acquired no jurisdiction of them, although it had of the action by the personal service of the other defendants. But the effect of the death of the plaintiff was to produce a suspension of further proceedings until his successor was placed in that relation to the action. What had been accomplished in it while there was a plaintiff, remained effectual, and when the executrix became such, progress in the action could properly be made from the place in the proceedings where the suspension had left them. (*Moore* v. *Hamilton*, 44 N. Y. 666.)

In that view, the order for service of the summons by publication may have remained available, but it is not seen how the four weeks publication of the summons before the death, and the two weeks following, could be treated as an effectual service upon those non-resident defendants. During the latter period there was no plaintiff, and in practical effect no action to support any proceedings within that time. The prior publication of the summons was then an unaccomplished attempt to serve it. And to constitute a service in that manner, it was necessary to publish once in each of six successive weeks in the two designated newspapers. There was, then, no service of the summons on those defendants while the action in which the order was made had any party plaintiff, and for that reason it was in a suspended condition and could not support any proceeding then taken for any purpose other than to continue it in the name of the successor as such. Before the death of the original plaintiff the court had acquired no jurisdiction of those defendants. It could not obtain any during the suspen-

sion following his death, and consequently it had no jurisdiction of them at the time the executrix became plaintiff; and it does not appear that their persons were thereafter in any manner brought in that relation to the court. It is suggested that the situation is no different than it would be in case of an assignment by a plaintiff during the pendency of an action, but it may be seen that in such case there would continuously be a plaintiff, and for that reason not necessarily any legal suspension of proceedings. As the statutory provisions relating to the continuance of the action at the time in question were in the old Code, no reference to those of the present Code is called for; but the latter, in the respect under consideration, do not modify the rule applicable to the present case.

These views lead to the conclusion that the defendant was justified in his refusal to accept, under the contract, the title which the plaintiffs were able to convey, and that the judgment should be affirmed.

All concur.

Judgment affirmed.