(44 Misc. Rep. 426.)

## SLATTERY v. McCAW.

(Supreme Court, Special Term, Ontario County. July, 1904.)

1. EASEMENT—ADVERSE POSSESSION—OBSTRUCTION OF SIDEWALK.

The mere fact that the top railing of an iron fence in front of plaintiff's area extends over the line in front of defendant's premises, and has for a number of years, is insufficient to constitute an adverse possession, it being clear that the occupation was merely permissive on the part of the city and of the adjoining owner.

2. SAME.

Long continuance of encroachments on a highway, though for more than 20 years, cannot destroy the public right, or take away the authority of public officers to remove and abate them.

Action by Morris Slattery against Will McCaw. Temporary injunction made permanent.

Frank Rice, for plaintiff.
Charles A. Hawley, for defendant.

DAVY, J. This action is brought to restrain the defendant from erecting a three-story bay window in front of his property, and also from removing the end of an iron fence and the foundation thereof. The plaintiff and defendant are owners of adjoining buildings fronting on South Main street, in the city of Geneva, which were erected 50 or 60 years ago. Both residences form a part of what is known as the "Hudson Block," and are three stories in height, and their fronts constitute the street line. The residence of the plaintiff is north of the defendant's with a brick wall between. In front of the plaintiff's residence there is an areaway or excavation constructed for the purpose of furnishing light and air to the basement used as a dining room and kitchen. A fence or railing incloses this areaway, protecting those passing along the sidewalk from falling into the excavation. This railing is of iron, and is about two feet eight inches in height, the portion in front being about three feet nine inches from the front wall of the building. The areaway is some five feet or more in depth. Outside of this areaway and under the sidewalk there is a coal cellar. The end

of the iron rail on top of this fence projects beyond the south line of the division wall about an inch and a half. The railing upon the north end is extended at right angles to the front wall of plaintiff's house. At the south end of plaintiff's areaway it is not inclosed by the railing. The steps and railing of defendant's porch come close up to plaintiff's projecting railing.

The plaintiff contends that he has acquired title to the strip of land in question and the right to maintain this areaway and encroachment upon the public street by adverse possession. It is conceded that the east line of Main street is the west boundary of the property of the plaintiff and defendant, and that that line is the face of the front wall of the buildings, and that neither party has any paper title to any part of Main street. The mere fact that the top railing to the iron fence in front of the areaway extends over the line in front of defendant's premises, and has for a number of years, is far from sufficient to constitute an adverse possession. It seems to me very clear that such occupation was merely permissive on the part of the municipality and likewise the defendant, and therefore constituted no title by adverse possession. An adverse right of easement cannot grow out of a mere license or permissive enjoyment. It was not adverse to the defendant, because he had no legal title to the soil. It is an obstruction in the highway in front of his premises, which he has a right at any time to have removed. It is common in villages and cities to permit the adjacent owners to use a part of the street or sidewalk for areaways, especially where the sidewalks are wide, and where the areaways do not interfere with the public travel. This is usually understood to be a mere license, permissive only, and liable at any time to be revoked and closed up by the municipal authorities as a nuisance. It would be contrary to the rights of the public to consider such use of the streets or sidewalks as adverse, and that a party could obtain title thereto by adverse possession.

It is a well-settled rule of law that the long continuance of such encroachments in the highway, although for more than 20 years, cannot destroy the public right, or take away the authority of the public officers to remove and abate them. The municipal authorities have control of the streets of the city of Geneva, and their duties to a certain extent are governmental for the benefit of the public, and the public cannot be barred by their neglect of duty. St. Vincent Orphan Asylum v. City of Troy, 76 N. Y. 114, 32 Am. Rep. 286. In People ex rel. Wooster v. Maher, 141 N. Y. 335, 36 N. E. 397, Chief Judge Andrews said:

"Upon the facts found and proved there can be no reasonable doubt that the porch is an unlawful obstruction in the street and a public nuisance. Although originally built with the consent of the city, the municipality could not legalize the structure so as to bar the public right, and the user, though long continued, is no obstacle to proceedings for its removal. All the remedies, public and private, for the abatement of encroachments in highways or public streets, are open and unaffected by the colorable authority under which the porch was erected, or by acquiescence in the unlawful user."

It was held in Driggs v. Phillips, 103 N. Y. 77, 8 N. E. 514, that the occupation of a portion of a highway by an individual is a mere obstruction and nuisance, for which no lapse of time will enable him to

claim title, and no acquiescence on the part of the highway officials of the town will deprive the public of the right to use the highway, or in any degree lessen the duty of such officials to remove the obstruction when that removal is necessary. Neither the plaintiff, therefore, nor any of his grantors, have acquired title to the locus in quo, or any part of it. That portion of the iron rail which extends over the line in front of defendant's premises is an obstruction, which the defendant is entitled to have removed.

Upon the other point I do not agree with the learned counsel for the defendant—that the plaintiff has no right to restrain the defendant from building the bay window as contemplated. It is a rule well settled that the owners and occupants of premises along the street have a right to have it kept open, so that from the street access may be had to the abutting premises; and they are also entitled to have the light and air that may come across the highway and open space. The public occupy the surface of the street and to its use as a street the rights of the abutting lots are subservient, but above the surface there can be no lawful obstruction to the access of light and air to the injury of the abutting owners; and when any person attempts to close it or any part of it, above the surface of the street, so that the light and air are in any way obstructed, without his consent, he has a right of action against the individual. The easement of light and air is a property right within the meaning of the Constitution, which cannot be taken away from him without due process of law. The plaintiff has the right to the unobstructed passage of light and air into his windows from the street, which are essential to the beneficial use and enjoyment of his property. While the defendant may build on his own land, and obscure the plaintiff's view, and obstruct the light and air, yet he cannot build in the highway, and thus injure him.

In Wakeman v. Wilbur, 147 N. Y. 663, 42 N. E. 342, Judge O'Brien said:

"The obstruction of a public highway is an act which in law amounts to a public nuisance, and a person who sustains a private and peculiar injury from such an act may maintain an action to abate the nuisance and to recover the special damages by him sustained."

It was said by Judge Andrews in Pond v. Metropolitan Elevated R. Co., 112 N. Y. 188, 19 N. E. 488, 8 Am. St. Rep. 734, that:

"The Story Case, 90 N. Y. 122, 43 Am. Rep. 146, established the principle that an abutting owner on streets in the city of New York possesses, as incident to such ownership, easements of light, air, and access in and from the adjacent streets for the benefit of his abutting lands, and that the appurtenant easements and outlying rights constitute private property of which he cannot be deprived without compensation."

In Woodruff v. Paddock, 130 N. Y. 625, 29 N. E. 1022, Chief Judge Follett said:

"An abutting owner has two distinct kinds of rights in a highway or street: A public one, which he enjoys in common with all other citizens; and certain private rights, which arise from his ownership of property contiguous to the highway or street. These special rights increase the value of his abutting premises, are private property, and, if they are destroyed or greatly injured without due process of law, damages may be recovered for the injury."

It appears from the testimony taken upon the trial that the erection of the bay window contemplated by the defendant would interfere to a substantial degree with the light and air coming to the plaintiff's house, and would interfere with certain views from plaintiff's windows, which are essential to the beneficial use and enjoyment of his premises, and would also tend to depreciate the value of his property. The temporary injunction, therefore, granted herein should be modified so as to permit the defendant to saw off and remove the iron railing in front of his premises and the foundation thereof, unless the plaintiff within 60 days from the date of filing this decision remove the same. With that modification the temporary injunction is made permanent. No costs are allowed to either party.

Ordered accordingly.