ROBINSON v. THOMAS et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. ABATEMENT AND REVIVAL—PROCEEDINGS BEFORE REVIVAL—VALIDITY.
   Where an action has abated by the death of plaintiff, no order can be entered, ex parte or otherwise, until the action has been revived.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 364–367.]

2. SAME.
   Where an order reviving an action which abated by the death of plaintiff, and substituting one attorney for plaintiff in place of another, was irregular because entered ex parte, the court, on motion of defendant to vacate the order, could not, on vacating it so far as it revived the action, refuse to vacate it so far as it substituted attorneys.

3. APPEAL—ABATEMENT OF ACTION—REVIVAL—NECESSITY.
   Where an action abated by the death of plaintiff, no appeal could be taken or prosecuted until the action was revived.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1851–1863.]

Appeal from Special Term.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Richard A. Irving, for appellants.
Charles S. Taber, for respondent.

INGRAHAM, J. The record fails to show the object of this action. There is an allegation that a demurrer was interposed to the complaint, which would seem to have been sustained, with permission to the plaintiff to serve an amended complaint; the time within which it was to be served not having expired when the sole plaintiff died on the 7th of October, 1906. Upon the death of the plaintiff the action abated, and no order could have been entered, ex parte or otherwise, until the action was revived. On the 26th day of June, 1907, an ex parte order was entered reviving the action and substituting Charles S. Taber as attorney for the plaintiff. This order being irregular, it having been entered ex parte, without notice to the defendants, the defendants made a motion to vacate it, whereupon the court entered an order vacating the order so far as it revived the action, "but that said order stand in so far as it substitutes said Charles S. Taber as attorney for the plaintiff in place of Russell & Winslow"; and from that order this appeal is taken by the defendant.

Whatever was the status of the action before the ex parte order reviving it was vacated, as soon as that order was vacated the former

status of the action as one which had abated by the death of the plaintiff was reinstated, and no order could be entered and no proceedings taken in the action until it was properly revived by the personal representatives of the plaintiff. It is difficult to see upon what principle Charles S. Taber could be substituted as attorney for the plaintiff in the action, the plaintiff being deceased, as upon no principle that I know of could a deceased plaintiff require an attorney. The action, however, having abated, no motion could be made in it, and no appeal could be taken or prosecuted until the action was revived.

This appeal, therefore, was entirely nugatory, and it is therefore dismissed, without costs. All concur.