Hoffheimer, J.
It appears that on- August 31, 1907, Thomas J. Welsh attempted to commence an action against Joseph S. Trevor, administrator, as above set out, by filing in this court a petition wherein damages to the extent of twenty-five thousand dollars are claimed for personal injury alleged to have been sustained by being run over by an automobile under the control of Joseph S. Trevor’s decedents. Before service of summons plaintiff died. September 4, two days after plaintiff’s death, and without any further proceedings,' Joseph Trevor, administrator, was served personally, and on September 9, 1907, the service was returned. On October 29 Kate Malone suggested to the court (Ferris, J.) the death of Thomas J. Welsh and asked to be made a party to the action and for leave to continue the same.
The motions under consideration are endorsed “motions to set aside service.” In Goodrich v. Hamer, 8 W. L. B., 11, it was held that such motions attack the truth rather than the sufficiency of the return; but as the motions before me attack, in so many words, the sufficiency of the return, I have considered them in that aspect rather than technically as mere motions to set aside.
The court thereupon granted -the motion and accordingly, November 2, 1907, Kate Malone as administratrix filed her amended petition substituting, herself as plaintiff as administratrix of the estate of Thomas J. Welsh, deceased, and praying as *458 in the original petition. The administrator of the estates of Thomas and Alfred Trevor now appearing for the purposes of the motion only attacks the service referred to and it is claimed the same is illegal and void.
The question is a novel one, and I find no direct authority in this state in support of the motion. In reason, however, it seems to me that upon the death of the plaintiff, the court not yet having secured jurisdiction through service, the proceedings stopped eo instanti, at least until a proper revivor was had, if a revivor could be had, a question not determined at this time.
In Green, Admr., v. McMurty, 20 Kas., 189, J attempted to commence an action against M in the district court. lie filed a petition and precipe and affidavit for an order of attachment and an undertaking, and the clerk issued thereon a summons and an order of attachment, but before either the summons or the order of attachment were served J died. After J’s death both of these writs were served, and under the order of attachment the sheriff seized some of M’s property. Held: That the service was irregular and void. The court, in the course of its opinion, said:
“We suppose there can be no doubt as to the invalidity of the service of said writs after Jones’ death. There must always be two parties to a lawsuit — a plaintiff and a defendant. No action can exist without such parties. A plaintiff voluntarily makes himself such by commencing the action. A defendant, unless he voluntarily appears, can be made such party only by the service of the summons upon him; and until the service of the summons, no action exists. The service is a jurisdictional matter. But suppose before any defendant is created, the plaintiff dies: then can a defendant be created with no plaintiff in existence? Can there be a defendant in an action without a plaintiff? Such a thing would seem to be absurd. When a plaintiff in a contemplated action dies, the power to make a defendant in that action dies with him. And any attempt to make a defendant in that action — in that plaintiff’s action — is futile and ridiculous. This case is different from any of the cases mentioned by the plaintiff in error. In some cases, after jurisdiction has been obtained, and some particular proceeding has been commenced before the death of either party, such particular proceeding may be carried on to completion after -the death of one or both of the parties, the whole thing relating back to the *459 time of the commencement of the proceeding. This is illustrated by sale of property on execution after the death of one of the parties, where the property was levied on under such execution before such death. Also in some cases where the proceeding is a mere formal matter, like the rendering of a judgment after death on a verdict found before death, the proceeding may be had after such death. But even those cases have their exceptions and limitations. And we know of no cáse where it has been held that a defendant may be made a party to an action where there is, at the time, no plaintiff?”
Province M. Pogue and Otis H. Fisk, for the motions and defendants.
John W. Wolfe, contra.
See also with reference to attempts at acquiring jurisdiction after death, Reilly et al v. Hart, 130 N. Y., 625; King v. Mitchell, 83 Ills. App., 632-640 (affirmed 189 Ills. Sup., 452-459).
Upon the foregoing authorities I think the motions should be granted. Motions granted.