tember 30th, as set forth in the proof of service, or at any other time. The moving papers also contained an affidavit of merits, and a recitation of facts tending to support the allegations of the proposed answer, and, at the end thereof, contained a prayer for relief, under which the defendant prayed that—

"his default be opened, and that he be permitted to appear and serve the amended answer."

On November 8, 1912, the return day of the order to show cause, the court below took proof to determine whether or not the defendant had been served with the summons and complaint, and upon evidence ample to support his finding determined that the summons and complaint had not been served. The record discloses that, after the trial of the so-called traverse, the judgment entered in favor of the plaintiff was vacated, and that the complaint was dismissed.

Under the facts above recited, the defendant waived the jurisdictional defect, and submitted himself to the jurisdiction of the court. He requested the court to regard his failure to appear as a default not caused by his own negligence, and prayed for leave to interpose a proposed answer, duly verified and submitted to the court, and to be allowed to defend the action. As the defendant submitted to the jurisdiction of the court, the learned court below should not have dismissed the complaint, but should have vacated the judgment entered in favor of the plaintiff, permitted the defendant to interpose the proposed answer, and then have set a date for trial. Review & Record Co. v. Gilbreth, 65 Misc. Rep. 503, 120 N. Y. Supp. 100; Goldstein v. Goldsmith, 28 Misc. Rep. 569, 59 N. Y. Supp. 677.

The judgment dismissing the complaint is reversed, and a new trial ordered, with costs to abide the event. The order vacating the judgment entered in favor of the plaintiff and dismissing the complaint is modified, by striking out the provision directing a dismissal of the complaint, and, as modified, affirmed, without costs. The defendant is granted leave to interpose the answer proposed. All concur.

---

### CROKER v. TAYLOR et al.

(Supreme Court, Appellate Division, First Department. January 31, 1913.)

Appeal from Special Term, New York County.

Action by George O. Croker against Harry Taylor and others. From an order denying the motion of defendants Harry and Thomas Taylor for judgment on the pleadings, they appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and DOWLING, JJ.

E. D. Miner, of New York City, for appellants.

David M. Houberger, of New York City, for respondent.

PER CURIAM. Order affirmed, with costs.

INGRAHAM, P. J., dissents.

DOWLING, J. (dissenting). The testator herein died at the city of New York on April 6, 1909, and his will was duly admitted to probate on February 1, 1910. This action was brought pursuant to the provisions of section 2653a. Code of Civil Procedure, under which the action therein provided must be commenced within two years after the will has been admitted to probate. The defendants Harry Taylor and Thomas Taylor are nonresidents, and as to them the summons was ordered to be published; the order therefor being made February 15, 1912, within the two-year period, but the publication of the summons being commenced on March 14 and completed on April 18, 1912, both dates after the expiration of the two-year period.

In my opinion section 2653a is complete in itself, and the limitation upon the commencement of the action which is therein provided is an exclusive one. This is not only apparent from the language of the section, but from the extension of the time to commence the action, which is thereby allowed to minors, persons of unsound mind, and those imprisoned or absent from the state. This being so, the exceptions provided in the general statute of limitations are not applicable. Code of Civil Procedure, § 414, subd. 1. But, even should a different conclusion be reached, and the exceptions applying as to limitations generally be held to apply, I do not believe that this case is brought within the exception. Section 398, Code of Civil Procedure, provides that an action is commenced against a defendant when the summons is served upon him; but as it has been held that, where the summons is published, the service is made only when the publication is completed, that clause of the section does not apply in this case. McEwens Ex'r v. Public Adm'r, 3 Code R. (N. S.) 139; Reilly v. Hart, 55 Hun, 465, 8 N. Y. Supp. 717, affirmed 130 N. Y. 625, 29 N. E. 1099, 27 Am. St. Rep. 540.

The same section further provides that the action is also commenced when the summons is served upon a codefendant who is a joint contractor or otherwise united in interest with the defendant sought to be held. The summons was personally served upon the executor of the estate of Francis C. Taylor, one of the defendants herein, on December 20, 1911, within the two-year period, and on December 22, 1911, and still within the same period, upon Jenny Taylor, another defendant. But Jenny Taylor is contesting the will, whose validity the defendants Harry Taylor and Thomas Taylor are seeking to uphold, and her interests are concededly adverse to theirs. The executor, it seems to me, has no interest in the estate, and certainly is not united in interest with the defendants, for he takes nothing by way of legacy or residuary bequest under the will.

The sole remaining defendant is Woodlawn Cemetery, which was not served, but voluntarily appeared on February 24, 1912, after the expiration of the two-year period; and, while a legatee under the will, it has no interest in the estate, or in this litigation,

for its legacy has been paid in full, and in the complaint herein it is expressly stated no claim is made against it.

Under these conditions, I believe that as to the defendants Harry Taylor and Thomas Taylor, the provisions of section 2653a not having been complied with, the action against them was barred, and that the motion for judgment in their favor upon the pleadings should have been granted, and that the order appealed from should therefore be reversed.

---

### PACE v. D'ANGELO.

(Supreme Court, Appellate Division, First Department.   January 24, 1913.)

TRIAL (§ 139*)—DISMISSAL.
  Plaintiff having made out a prima facie case presenting issues of fact for the jury, it was error to dismiss the complaint at the close of his case.
  [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

Appeal from Trial Term, New York County.

Action by Gicomo Pace against Antonio D'Angelo for negligence.   From a judgment entered on a dismissal of the complaint at the close of his case, plaintiff appeals.   Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Wesley S. Sawyer, of New York City, for appellant.
Carl Schurz Petrasch, of New York City, for respondent.

PER CURIAM.   Plaintiff made out a prima facie case presenting questions of fact.   It was error, therefore, to dismiss the complaint at the close of his case.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

---

(79 Misc. Rep. 240.)

### WATERS v. LANG et al.

(Supreme Court, Appellate Term, First Department.   February 7, 1913.)

1. SET-OFF AND COUNTERCLAIM (§ 21*)—ACTION FOR CONVERSION—DEFENDANT'S FAILURE TO COMPLY WITH LIEN LAW.
  The fact that defendant, sued for the conversion of horses, had sold them without compliance with the Lien Law, did not preclude him from proving a counterclaim, alleging that a certain amount was originally due from the plaintiff, and allowing credit for the sale price.
  [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 25; Dec. Dig. § 21.*]

2. SET-OFF AND COUNTERCLAIM (§ 29*)—SUBJECT-MATTER—CLAIM CONNECTED WITH SUBJECT OF ACTION.
  A counterclaim in an action for the conversion of horses, alleging that a certain amount was originally due from the plaintiff, and allowing credit for the sale price, arose out of the contract under which the horses

---