Peter M. Daly, J.
This action was commenced by the plaintiff, Beattie B. Olsen, as administratrix of Rolf S. Olsen, who was the master of the vessel El Coston. As the result of a collision between the El Coston and the tanker Murfreesboro in the North Atlantic, on or about February 25, 1944, the decedent was thrown into the sea and perished. The plaintiff, believing herself to be his widow, obtained letters of administration in the Surrogate’s Court, Kings County, and commenced this action for his wrongful death. After the termination of hostilities in Europe it developed that the plaintiff was not the widow of the deceased, but that he had a wife by a prior marriage, who is still living in Norway. He was also survived by a daughter by the widow in Norway, and two sons by his putative widow in Brooklyn. When the decedent’s true marital status was revealed, plaintiff’s letters of administration were revoked and new letters were issued to the Public Administrator of Kings County, who retained plaintiff’s attorney to prosecute the claim on behalf of the estate of Rolf S. Olsen. This motion is made to substitute said Public Administrator as plaintiff in the action in place of Beattie B. Olsen. Defendants cross-move for judgment, dismissing the complaint.
The defendants argue that since plaintiff was not the widow of the decedent, the Surrogate’s Court of Kings County was without jurisdiction to issue the letters of administration; hence, the plaintiff had no authority to commence this action, and, therefore, there is nothing to which the Public Administrator can be substituted.
In this action the decisions of the Federal courts control as to the nature of the right of action, whether personal or representative, and the party entitled to sue. (Murray v. New York, Ontario & Western R. R. Co., 242 App. Div. 374.) In Van Der Stegen v. Neuss, Hesslein & Co. (270 N. Y. 55) the Court of Appeals, citing with approval the Murray case succinctly summarized the leading Federal case on the subject (pp. 62-63): “ The plaintiff in Missouri, Kansas S Texas Ry. Co. v. Wulf *16 (226 U. S. 570) brought action in her individual capacity to recover damages by reason of the death of her son. Under the Federal Employers’ Liability Act such an action could only be maintained by the personal representatives of the deceased. After the commencement of the action the plaintiff took out letters of administration and the court held that an amendment substituting her as administratrix was proper, although the order making her a party was made more than two years from the time the alleged cause of action accrued, which was beyond the time allowed for commencing such action.” (See, also, McCarthy v. New York Cent. R. R. Co., 247 App. Div. 50.)
The authorities cited by the defendants have been carefully examined by the court, and found inapposite. Accordingly, plaintiff’s motion is granted and that of the defendants denied.
Submit order.