THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE P. WEIL, Appellant.— Appeal from a judgment of conviction of the County Court of Schenectady County, rendered on December 27, 1950, upon the defendant's plea of guilty to several counts of an indictment charging grand larceny in the first degree and grand larceny in the second degree. In the interests of justice, the sentences on the first degree grand larceny convictions are reduced to a minimum of five years and a maximum of six years and the sentences on the second degree grand larceny conviction are reduced to a minimum of two and one-half years and a maximum of three and one-half years, all these sentences on all the convictions to run concurrently. The judgment of conviction is modified accordingly, upon the facts, and in the exercise of discretion. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

∎

ROCCO J. ANGELO, Respondent, v. DOROTHY E. ANGELO, Appellant.— Defendant has appealed to this court from an order of Supreme Court, Special Term, Chemung County, which denied defendant's motion to vacate an interlocutory judgment of divorce and to open defendant's default in appearance in the action. Thereafter, without the substitution of a representative, counsel who had appeared on the motion for the deceased plaintiff obtained an order directing defendant to show cause why such motion should not be dismissed because of the death of the plaintiff, which had occurred while the motion was pending. The memorandum decision of the court at Special Term held that defendant's motion must be denied on the ground that, the action between the parties having abated on the death of the plaintiff, he had no jurisdiction to grant the order sought by defendant. Neither here nor at Special Term were the proper parties before the court. Plaintiff Angelo had died and no personal representative had been substituted. Counsel, in obtaining the order of January 6, 1951, directing defendant to show cause why her motion to vacate the judgment should not be dismissed, had no client. It is traditional that an attorney's retainer terminates with the death of a party. Though statutory enactments now provide for the survival of various types of action and proceedings after the death of a party, it is not anticipated that such actions or proceedings go on without change. In such an event there results a suspension of activity until a substitution is made for the deceased party. (*Reilly* v. *Hart*, 130 N. Y. 625, 628; *Robinson* v. *Thomas*, 123 App. Div. 414, 415.) Such procedure should have been followed in this matter. With the defect of parties cured the court will have jurisdiction to consider conflicting claims and whether or not the action actually did abate upon the death of plaintiff. Order appealed from reversed, on the law and facts, and the matter remitted to Special Term for further consideration, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.