Fboessel, J.
These consolidated actions, one for wrongful death and the other for pain and suffering, were instituted by plaintiff, as administratrix of the estate of Henry G-. Stolz, under the Federal Employers’ Liability Act (U. S. Code, tit. 45, §§ 51-60, hereinafter referred to as the F.E.L.A.). The complaints were dismissed below on the ground that plaintiff lacked capacity to sue, but “ without prejudice to the commencement of a new action by an administrator validly appointed as such ”. This dismissal took place more than four months after the limitation period prescribed by section 56 of the F.E.L.A.
In her petition to the Surrogate for letters of administration, plaintiff represented herself to be the widow of decedent. The courts below held that she was not decedent’s lawful widow at that time since her marriage to decedent was void. (See discussion below 6 A D 2d 643, 645; Merrick v. Merrick, 266 N. Y. 120; Beaudoin v. Beaudoin, 270 App. Div. 631; De Santis v. De Santis, 20 Misc 2d 16; Domestic Relations Law, § 6, subd. 1; §8.) Hence it was reasoned that her appointment as administratrix was invalid and she lacked the capacity to bring these actions.
By declaring plaintiff’s appointment invalid and thereupon dismissing these actions, Trial Term appropriated to itself certain discretionary powers which the Legislature confided *273 only in the Surrogate. In sections 99-101 of the Surrogate’s Court Act, the Legislature recognized that revocation of letters calls for the exercise of a discriminating discretion by the Surrogate. Section 99 provides for the revocation of letters in 10 enumerated situations. The first situation enumerated is:
‘ ‘ Where the' respondent was, when appointed or when letters were issued to him * * * disqualified by law to act as such, and the * * * objection was not taken by the petitioner, or a person whom he represents, before the letters were granted or the appointment made.” The fourth situation enumerated is: “ Where the grant of his letters, or his appointment was obtained by a false suggestion of a material fact.” Under the express language of section 101, the revocation of letters is purely discretionary (see Matter of Clark, 136 Misc. 459; Matter of Chinsky, 159 Misc. 591, 596; Withrow, New Surrogates’ Code [Supp. to Redfield’s & Jessup’s Surrogates’ Practice, 7th ed.], p. 92).
In Matter of Clark (supra) a proceeding was instituted for removal of a statutory trustee under section 94 and subdivision 1 of section 99 of the Surrogate’s Court Act. The court held, in light of section 101 of said act and its statutory history, that removal of the trustee was discretionary under sections 99-101. The holding applies with equal force to revocation of letters. In an exceedingly well-reasoned opinion, Surrogate Close traced the history of sections 99-101 of the Surrogate’s Court Act and pointed out that under the predecessor provision of section 101, namely, section 2687 of the Code of Civil Procedure, the revocation of letters was mandatory except in three enumerated situations, not relevant here, in which cases it was discretionary. The effect of section 101, however, was to abolish the previous mandatory provisions and to allow the Surrogate in every case to exercise his discretion. 1 ‘ When enacting the aforesaid sections the Legislature, of course, had in mind the prudent administration and preservation of estates and trust property. It clearly anticipated that a condition might exist or a situation arise where it would not be advisable to revoke letters issued to or remove from office a fiduciary # * \ Unquestionably the Legislature deemed it wise to leave the disposition of such matters wholly to the discretion of the surrogate, so that each particular case could be judged by its own peculiar circumstances *274 and conditions and disposed of, in the words of the statute, ‘ as justice requires. ’ ” (Matter of Clark, supra, p. 463.)
In these actions for wrongful death and for pain and suffering-plain tiff is a mere nominal party. She sues not on her own behalf but as a statutory trustee for the benefit of those persons designated by sections 52 and 59 of the F. E. L. A. (Lindgren v. United States, 281 U. S. 38, 41; Chicago, Burlington & Quincy R. R. Co. v. Wells-Dickey Trust Co., 275 U. S. 161, 163; Stark v. Chicago, North Shore & Milwaukee Ry. Co., 203 F. 2d 786, 787; see Hamilton v. Erie R. R. Co., 219 N. Y. 343, 350; Davis v. New York Cent. S H. R. R. R. Co., 233 N. Y. 242, 246; Winbush v. City of Mt. Vernon, 306 N. Y. 327, 334). A recovery necessarily accrues to the benefit of these designated beneficiaries. Hence the Surrogate, in the exercise of his discretion, even if he found that plaintiff was not entitled to letters on the original application, could have permitted plaintiff to proceed with this litigation upon her limited letters, by which she was already ‘ ‘ restrained from compromising said action and from enforcing-any Judgment recovered therein until the further order of the Surrogate ”.
Here, the Trial Judge not only improperly exercised the discretion which the Legislature reposed in the Surrogate’s Court but, indeed, he virtually assumed there was no room for the exercise of any discretion. When at the close of the trial he was alerted to the fact that there was a question as to the validity of plaintiff’s appointment, he should have recognized that the Surrogate, with full knowledge of the facts, could have authorized the administratrix to continue these actions. It was, therefore, error to dismiss them. Instead, the trial should have been suspended until such time as plaintiff, or any other person interested, made an appropriate application to the Surrogate’s Court.
The courts below erroneously relied on section 43 of the Surrogate’s Court Act without reference to sections 99-101 of said act, and thus pre-empted the Surrogate of his jurisdiction and discretion in this matter. The Surrogate at all times had valid jurisdiction over the subject matter of decedent’s estate, including the appointment of a legal representative. If he made a mistake in the exercise of his power derived from his jurisdiction over the subject matter, it cannot be collaterally attacked. That jurisdiction, according to section 43, is conclusive “ in the *275 absence of fraud or collusion ’ ’. This court has previously construed and applied section 43 in Lapiedra v. American Sur. Co. (247 N. Y. 25) and Hoes v. New York, N. H. & H. R. R. Co. (173 N. Y. 435), where the type of fraud or collusion which permitted collateral attack of the Surrogate’s decree was of the kind which went to the very essence of its jurisdiction over the subject matter. In the instant case, plaintiff, in her petition to the Surrogate, misrepresented — however innocently — a material fact. However, that misrepresentation or constructive fraud did not go to the essence of the Surrogate’s jurisdiction over the subject matter, for the Legislature empowered the Surrogate, notwithstanding that misrepresentation, to retain plaintiff as administratrix, within his discretion, under subdivisions 1 and 4 of section 99, and section 101 of the Surrogate’s Court Act.
In addition to the foregoing, a suspension, rather than a dismissal, of this lawsuit is dictated by the intrinsic character of the action here involved and by Federal precedent in related situations under the F.E.L.A. It is clear that if plaintiff is not the lawful widow of decedent she could not share in any future recovery as a beneficiary under the Federal statute. A dismissal of these actions would consequently not prejudice her individually in any respect. It would, however, if the limitation period barred future actions, prejudice the rights of the ultimate beneficiaries and promote a windfall for defendant railroad. A suspension of these actions, however, pending action by the Surrogate’s Court — which may be the retention of plaintiff as administratrix or the appointment of a new administrator who could be substituted as party plaintiff in these suspended actions —within a reasonable time, would preserve the rights of the ultimate beneficiaries since these actions were timely brought in the first instance.
The Supreme Court of the United States has by its decisions approved substitution of a legal representative as the proper party plaintiff even after the limitation period prescribed by the F.E.L.A., thus preserving timely brought actions (see St. Louis, San Francisco & Texas Ry. Co. v. Seale, 229 U. S. 156, and its subsequent history, 160 S. W. 317 [Tex.], 171 S. W. 512 [Tex.], affd. 243 U. S. 630; Missouri, K. & T. Ry. Co. v. Wulf, 226 U. S. 570 [referred to with approval in Van der Stegen v. *276 Neuss, Heslein & Co., 270 N. Y. 55, 62-63]; see, also, Seaboard Air Line v. Renn, 241 U. S. 290, 293; Olsen v. United States Nav. Co., 20 Misc 2d 14).
We have utilized the procedure of suspension in order to prevent abatement of actions where the plaintiff had died during the pendency of the action (see Angelo v. Angelo, 282 App. Div. 981). This policy against abatement, articulated in Angelo (supra) also finds expression in sections 88 and 90 of the Civil Practice Act.
Accordingly, the courts below were in error in dismissing these actions and thus disposing of the rights of beneficiaries, who were not before the court. The judgment appealed from should be reversed, with costs, and the matter remitted to the Supreme Court for further proceedings not inconsistent with this opinion. Insofar as plaintiff seeks to appeal from the order of the Appellate Division affirming Trial Term’s denial of the motion to vacate, so much of the appeal is dismissed for lack of finality and the failure of the Appellate Division to certify a specific question.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Van Voorhis and. Burke concur.
Judgment reversed, with costs in all courts, and the matter remitted to the Supreme Court, Albany County, for further proceedings not inconsistent with the opinion herein. Appeal from the order insofar as it affirms the denial of the motion to vacate dismissed.