**Joseph TALBOT, Plaintiff,**

v.

**LEDGEWOOD CIRCLE SHOPPING CENTER, INC., Defendant.**

**Civ. A. No. 20117.**

United States District Court
E. D. New York.

May 26, 1961.

See also 194 F.Supp. 191.

Bobrow, Handman & Katz, New York City, for plaintiff; Henry B. Bobrow, New York City, of counsel.

Joseph Greenberg, New York City, for defendant.

BARTELS, District Judge.

Motion by defendant pursuant to Rule 32(d), Fed. Rules Civ.Proc., 28 U.S.C.A., for the suppression of the depositions of two witnesses, Harry Silk and Edward Malakoff, taken by plaintiff's counsel, after the death of plaintiff and in the absence of counsel for defendant.

The depositions of the two witnesses were noticed originally for June, 1960, but were adjourned by written stipulation from time to time to a date upon the expectation that plaintiff would be able to serve the two witnesses before such date. On August 12, 1960 the attorneys signed a stipulation that the depositions would be adjourned to September 8, 1960. Plaintiff's counsel asserts that in a telephone conversation on August 26, 1960 he had an understanding with defendant's counsel that the depositions would be taken on September 8th in Philadelphia unless the defendant was notified to the contrary. Both attorneys agree that in this conversation plaintiff's counsel informed defendant's counsel that the plaintiff died on August 18, 1960. Defendant's counsel asserts that he understood that the date was uncertain and that plaintiff's counsel was to notify him if the witnesses were served and the depositions would proceed as planned. At all events, plaintiff's counsel gave no further notice to defendant and the depositions were taken in Philadelphia on September 8th in the absence of the defendant.

Defendant's motion is predicated not only upon the absence of its counsel in Philadelphia but also upon plaintiff's death prior to the taking of the depositions. It contends that the authority of plaintiff's counsel to proceed terminated

with plaintiff's death pending the substitution of the executors as parties and that consequently no valid action could have been prosecuted in the interim. In reply plaintiff's counsel asserts that the proceeding was procedural and is permitted under Rule 25(a) (1) of the Rules of Civil Procedure. If defendant's position concerning the authority of the plaintiff's counsel is correct, there will be no necessity to choose between the two conflicting versions of the August 26th agreement.

Rule 25(a) (1) of the Rules of Civil Procedure provides that death shall not cause an abatement in a proceeding provided that there is a substitution of parties within two years thereafter. It does not provide for a stay of the proceedings pending the substitution. While it is true that this Rule is procedural, the issue raised by defendant is a question of substantive law, i. e., whether plaintiff's counsel had authority to proceed. Rule 25(a) (1) is therefore of no relevance.

■ The case law of the State of New York is clear that the death of a party terminates the authority of the party's attorney to act. Reilly v. Hart, 1892, 130 N.Y. 625, 29 N.E. 1099; Hart v. Blabey, 1941, 286 N.Y. 75, 35 N.E.2d 657; Robinson v. Thomas, 1908, 123 App.Div. 414, 107 N.Y.S. 1109; Angelo v. Angelo, 1953, 282 App.Div. 981, 125 N.Y.S.2d 621. Accordingly, in diversity actions this is the rule of this Circuit. See Goldlawr, Inc. v. Heiman et al., 2 Cir., 288 F.2d 579, at pages 586, 587. But even before Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, it was said by Mr. Justice Marshall: "Unquestionably, he [the executor] must show himself to be executor, unless the fact be admitted by the parties; and the defendant may insist on the production of his letters testamentary before he shall be permitted to prosecute [the action]." Wilson v. Codman's Executor, 1805, 3 Cranch 193, 207, 7 U.S. 193, 207, 2 L.Ed. 408. It appears that on September 8, 1960, when the two depositions in question were taken, there was no principal for whom counsel for plaintiff was em-

powered to act, letters testamentary not having been issued until December, 1960.

The mere termination of the agency of plaintiff's counsel, however, does not completely dispose of the issue. In this Circuit it appears that an estoppel may be raised against a party seeking to take advantage of the death of the other party under appropriate conditions. See Bush v. Remington Rand, Inc., 2 Cir., 1954, 213 F.2d 456, 463–465; Iovino v. Waterson, 2 Cir., 1959, 274 F.2d 41, 50–51. In Iovino the Court held that the conduct of the attorney for the decedent estopped him from defending upon the ground that the substitution was after the two-year period provided in Rule 25(a) (1). It also of necessity held that the same conduct estopped the administratrix *ad litem* from raising the defense that the attorney's authority was terminated by the death of his client. Therefore inquiry into the contention of estoppel is proper in this case.

Assuming the understanding of defendant's counsel with respect to the telephone conversation was correct, then further notice was not required for the taking of the depositions and he was under no duty on August 26, 1960 to object to the opposing counsel's lack of authority before he received such further notice. Plaintiff's counsel, if he intended to charge the defendant's counsel with a waiver or estoppel, was under a duty to inquire whether the latter would raise the objection of the termination of the former's authority. Apparently defendant's counsel believed at that time that plaintiff's counsel had authority to proceed. His absence from the Philadelphia proceedings under the circumstances could not mislead plaintiff's counsel in believing that the latter's lack of authority was waived.

■ If the understanding of plaintiff's counsel was correct, he did not rely upon any conduct of defendant's counsel indicating a waiver because plaintiff's counsel believed that he had authority to act and still contends there was no infirmity in his right to proceed. His only claim is that the depositions cannot be

suppressed because there was no necessity for further notice to defendant's counsel and therefore the latter's absence from Philadelphia did not render the depositions defective. In other words, both parties thought there was authority in the plaintiff's counsel to act and neither relied upon any representation of the other, express or implied, with respect thereto but instead both relied upon their respective versions of the August 26th agreement. Neither misled the other upon the issue of lack of authority. The principles of estoppel present in Iovino and Bush, supra, are therefore not applicable here.

While this motion must be granted, it appears from the papers submitted that during the course of this litigation the defendant has resorted to dilatory tactics. Consequently the Court will entertain an application by the plaintiff to place the case on the calendar for an early trial.

Settle order within ten days on two days' notice.