Joseph TALBOT, Plaintiff,

v.

LEDGEWOOD CIRCLE SHOPPING CENTER, INC., Defendant.

Civ. A. No. 20117.

United States District Court
E. D. New York.

May 26, 1961.

Bobrow, Handman & Katz, New York City, for plaintiff; Henry B. Bobrow, New York City, of counsel.

Joseph Greenberg, New York City, for defendant.

BARTELS, District Judge.

Motion for substitution of plaintiff's executors as parties plaintiff herein

(Rule 25(a) (1), Fed.Rules Civ.Proc., 28 U.S.C.A.) *nunc pro tunc* and for assignment of the case to one Judge for all purposes.

▮▮▮ In a previous motion the defendant moved to suppress two depositions taken after the death of plaintiff on the ground that plaintiff's counsel had no authority to act in the matter pending substitution of plaintiff's executors. The Court ruled that plaintiff's attorney had no authority to proceed and that no conduct on the part of defendant estopped defendant from raising the lack of authority. D.C., 194 F.Supp. 189. The application that the substitution be *nunc pro tunc* is an appeal to the discretion of the Court, which should not be exercised if rights of others arising during the intervening period would be prejudiced thereby. See Feener Business Schools, Inc. v. Speedwriting Pub. Co., 1 Cir., 1957, 249 F.2d 609. To allow a *nunc pro tunc* substitution at this time would effect a reversal of the Court's decision on the prior motion with respect to the claim of estoppel against the defendant. This would prejudice the defendant and would accomplish indirectly what the plaintiff was unable to accomplish directly. In addition, reference to Rule 25 (a) (1) reveals that a proper party may be substituted within two years after death. Obviously it would be impossible to substitute an executor before appointment because he would not be a proper party. Under such circumstances the Court cannot permit substitution at the present time to relate back to a time when it would have been powerless to order substitution. See Smith v. New York Central R. Co., 1918, 183 App.Div. 478, 171 N.Y.S. 64. The application with respect to *nunc pro tunc* substitution must therefore be denied, but substitution as of the present date is hereby granted.

▮▮▮ Concerning the second branch of the motion, the Court does not believe that this case falls within the meaning of a "long and complicated" case, as that phrase is used in Rule 2 of the General Rules of this Court. The petition to assign the action to one Judge for all purposes is denied without prejudice for renewal upon the pre-trial hearing of this case.

Settle order within ten days on two days' notice.