■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEE WICKHAM, Also Known as LELAND WICKHAM, Appellant.— This appeal is from the judgment of conviction and the order revoking probation. The defendant was convicted on seven counts of an indictment charging unlawful practice of medicine in violation of the Education Law. He was fined $500 on the first count and given a one year suspended sentence for each of the first three counts to run consecutively. He was thereafter placed upon probation which was later revoked and the original sentence made effective. We find the sentence excessive and that the judgment of conviction and the order revoking the suspended sentence and directing confinement be modified as follows: The defendant Lee Wickham, also known as Leland Wickham, is sentenced on each of the first three counts of the indictment to one year in the Schuyler County Jail, the sentences to run concurrently, and in addition, as to the first count of the indictment, there is imposed a fine of $500, and, in all other respects the judgment of conviction and order are affirmed. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur; Reynolds, J., dissents and votes to affirm.

■ In the Matter of the Accounting of PETER H. HARP, as Executor of JOSEPH I. FURMAN, Deceased, Respondent. BERTHA M. QUIMBY, Appellant; ROBERT A. DECKER et al., Respondents.— Decree modified, on the law and the facts, by increasing the amount directed to be paid to the claimant-appellant, Quimby, by the executor to the sum of $2,500 and as so modified affirmed, with costs to appellant. In our opinion the value of the services rendered was in this amount. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.

■ KENNETH O. BLAIR et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 38538.) — Cross appeal from a judgment entered on a decision rendered after trial in the Court of Claims. A substantial part of the award of $8,000 made in favor of the claimants by the Court of Claims in connection with this appropriation claim is for indirect damages. The question of land taken was very small, .006 of one acre. The claimants' proof of value of the land taken with $1,500. State's proof of value was $100. The part of the award for indirect damage, which is not segregated in the decision, therefore, was at least $6,500. We are of opinion an award for indirect damage is not warranted on this record. There was no change in grade in access to claimants' property effected by the public improvement. Damages resulting from circuity of access are not recoverable. (*Selig* v. *State of New York,* 10 N Y 2d 34.) Nor are the damages recoverable based on a difference in the view from the premises caused by the rearrangement in the nearby terrain in carrying out the public improvement. Judgment modified on the law and the facts by reducing the amount awarded to $1,500; and as thus modified, affirmed, without costs. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.

■ ROBERT J. STEELE et al., Respondents, v. CENTRAL HUDSON GAS & ELECTRIC CORP., Appellant.— The papers on the application for summary judgment demonstrate the existence of triable issues, requiring proof of such things as the intent of the parties to the contract and the attendant circumstances. Judgment and order reversed, on the law and the facts, and motions for summary judgment denied, without costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.