Katherine O'ROURKE, Claimant-Appellee,
and
Amelia O'Rourke, Claimant-Appellant,

v.

MERRY QUEEN TRANSFER CORP.,
Petitioner-Appellee-Appellant.

No. 196, Docket 30481.

United States Court of Appeals
Second Circuit.

Argued Nov. 22, 1966.

Decided Jan. 9, 1967.

782

Benjamin H. Siff, New York City (Solomon Z. Ferziger, Brooklyn, N. Y., on the brief), for appellee Katherine O'Rourke.

Howard N. Meyer, New York City (Paul O'Dwyer and O'Dwyer & Bernstien, New York City, on the brief), for appellant Amelia O'Rourke and the children of Amelia O'Rourke, appellees.

David I. Gilchrist, New York City (Edwin Longcope and Hill, Betts, Yamaoka, Freehill & Longcope, New York City, on the brief), for appellant Merry Queen Transfer Corp.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

HAYS, Circuit Judge:

On March 8th, 1957, a vessel owned by the petitioner, Merry Queen Transfer Corp., struck the S.S. Steel Admiral and a water taxi, the Oscar Gordon, while in the territorial waters of the state of New York killing Thomas P. O'Rourke who was in charge of the Oscar Gordon.

Merry Queen Transfer Corp. filed a petition for limitation of liability in the United States District Court for the Eastern District of New York which resulted in a decree holding the Corporation liable for damage caused by the collision.

Amelia O'Rourke and Katherine O'Rourke, each claiming to be the lawful widow of Thomas P. O'Rourke, appeared in the limitation proceeding and filed claims based on the New York Wrongful Death Act. New York Decedent Estate Law, McKinney's Consol.Laws, c. 13, §§ 130–134. Amelia O'Rourke also asserted claims under the Act in behalf of her three minor children.[1] The conflicting O'Rourke claims were referred to a Commissioner, "to ascertain and compute the amount which claimants herein shall have and recover from the petitioner," pursuant to Admiralty Rule 43. Finding Katherine to be the lawful widow of Thomas P. O'Rourke, the Commissioner awarded her $23,400 and denied Amelia any recovery, although he awarded her three children sums ranging from $1380 to $6300. These appeals are from an order of the District Court adopting the Commissioner's report. We reverse the order of the District Court in so far as it treats Katherine as the widow and remand the case for computation of Amelia's damages.

The evidence establishes that Katherine O'Rourke married the decedent on October 14, 1917 and bore him four children, the youngest of whom was born in 1929. Katherine and Thomas were legally separated in 1938. Pursuant to the separation agreement, entered in the New York Supreme Court, Kings County, Thomas paid Katherine $30 per week until his death.

[1] A fourth child, Anthony O'Rourke, had reached his majority at the time of Thomas' death. The order rejecting his claim has not been appealed.

Amelia O'Rourke married the decedent on September 25, 1935. Four children were born of this marriage, three of whom were minors when O'Rourke died.

Both Katherine and Amelia petitioned the Surrogate's Court, Kings County, for letters of administration and it is conceded that a determination by him as to which of the two claimants is the widow of Thomas would be binding in this action.

The proceedings before the Surrogate culminated in a decree, issued on December 23, 1959, effectuating a stipulation of the parties. In his decree, the Surrogate explicitly declared:

1. That the said deceased and petitioner Amelia O'Rourke were married in the City of New York, State of New York, and the relation of husband and wife existed between them from September 25, 1935 to the 8th day of March, 1957.

\* \* \* \* \* \*

7. That Anthony O'Rourke, Mary O'Rourke, Patrick O'Rourke and Priscilla O'Rourke are the lawful and legitimate issue of the marriage of Amelia O'Rourke to Thomas P. O'Rourke, deceased.

However, by other provisions of the decree Katherine was designated as co-administratrix with Amelia for the purpose of prosecuting this wrongful death action and the right to decedent's Social Security and Veterans Administration benefits was vested in her. Arguing that these elements of the decree are inconsistent with the finding that Amelia was Thomas' widow, both petitioner and Katherine contend that the Surrogate did not adjudicate the question as to who is the widow, leaving it to be determined in this action.

The supposed inconsistencies in the decree are explained by the fact that the decree incorporates a compromise agreement reached by the two claimants. In order to establish her claim Katherine would have had to rebut the strong presumption under New York law of the validity of a second marriage which "can be negatived only by disproving every reasonable possibility of [the second marriage's] legality. \* \* \* 'The parties attacking such second marriage have the burden of proof to show that neither party to the first marriage had obtained a divorce.'" DeMilio v. New York State Thruway Authority, 235 N.Y.S.2d 642, 650–651 (Ct. Claims 1962), aff'd mem., 19 A.D.2d 945, 245 N.Y.S.2d 1005 (3d Dept. 1963), leave to appeal denied, 14 N.Y.2d 481, 248 N.Y.S.2d 1025, 197 N.E.2d 631 (1964), quoting Matter of Dugro's Will, 261 App.Div. 236, 240, 25 N.Y.S.2d 88, 92 (1st Dept. 1941), aff'd mem., 287 N.Y. 595, 38 N.E.2d 706 (1942); see authorities cited in Dolan v. Celebrezze, 250 F.Supp. 932, 934–935 (E.D.N.Y.1966). Not only had Katherine failed to meet this burden when the proceeding in Surrogate's Court was settled, but also the Surrogate had tentatively ruled inadmissible, under the New York statute barring interested persons from testifying about personal transactions with a decedent (New York Civil Practice Act § 347, now § 4519 of the Civil Practice Law and Rules), her testimony that her marriage to Thomas had not been terminated.

It seems clear that Katherine accepted the tangible award of Social Security and Veterans Administration benefits relinquishing her primary claim, that she was decedent's widow, when it became probable that she would be unsuccessful in prosecuting it. The Surrogate's finding that Thomas and Amelia were husband and wife is therefore an adjudication that Amelia and not Katherine, is Thomas' widow. Katherine should not have been permitted to relitigate the issue in this action. Cf. Stolz v. New York Central R.R., 7 N.Y.2d 269, 273–275, 196 N.Y.S.2d 969, 972–973, 164 N.E.2d 849, 851–852 (1959).

Since the Surrogate's ruling held that Amelia's minor children are the legitimate issue of her marriage to the decedent, the award of damages to them must be sustained. Petitioner contends, however, that the amounts awarded are excessive because the Commissioner's com-

putations were apparently based on Thomas' life expectancy without reference to his "work-life" expectancy, and because of an alleged mathematical error in computing the age of Mary O'Rourke. The amount awarded the children and their ages at the time of Thomas' death are as follows:

Mary O'Rourke —$1380—19 years, 2 months

Patrick O'Rourke —$2400—17 years, 11 months

Priscilla O'Rourke —$6300—12 years, 11 months

No objection was made below to the Commissioner's failure to use the decedent's "work-life" expectancy in computing damages, and no "work-life" tables were introduced in evidence. Nor was any objection made to the supposed mathematical error involving the award to Mary O'Rourke. Moreover, the awards made by the Commissioner are presumptively accurate (Admiralty Rule 43½), have been adopted by the District Court, are adequately supported by evidence in the record and are not shockingly excessive. Under these circumstances the awards to the children must be sustained.

Affirmed in part. Reversed and remanded in part.